TOYER *v.* STATE

[No. 255, September Term, 1958.]

*Decided June 8, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*W. Emerson Brown, Jr.*, with whom was *Milton B. Allen* on the brief, for appellant.

*Joseph S. Kaufman, Assistant Attorney General*, with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City*, and *James F. Price, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

PER CURIAM.

Appellant was convicted by a jury of selling a narcotic drug, and as a second offender. The only point pressed on appeal is that the court abused its discretion in declining to grant a motion for a mistrial before the jury was sworn. On July 9, 1958, the appellant was arraigned and pleaded not guilty. When the case came to trial on September 11, 1958, after the court had ruled on several preliminary motions, the clerk stated: "July 9th of this year William Leonard Toyer was arraigned in this court, being a second offender of violating narcotics laws." Counsel for the accused moved for a mistrial, "by virtue of the way the clerk has read the indictment." The court inquired: "You mean he shouldn't have read the indictment?" Counsel replied: "No sir, I am familiar with the indictment, all he should have asked is whether or not Toyer pleads guilty or not guilty, not to state in the presence of the jury that the man is a second offender. He is being tried as a second offender." The motion was denied.

We find no abuse of discretion. It is the practice in the Criminal Court of Baltimore to advise the defendant of the substance of the charges against him on the date of trial, even though there may have been a previous arraignment. Maryland Rule 723 a requires that arraignment be conducted in open court and shall consist of reading the indictment to the defendant, or stating to him the substance of the charge and calling on him to plead thereto. Mere repetition of a prior arraignment could hardly be error; indeed, it would seem to be proper in order to afford an opportunity to the accused to change his former plea, if he cares to do so. We have held that

an indictment for a second offense under the narcotics law must contain an averment as to a prior offense, and that such an averment and proof does not deprive the accused of a right to a fair and impartial trial. See *McCoy v. State,* 216 Md. 332, and *Beard v. State,* 216 Md. 302. The jury in the instant case specifically found that he had been convicted of a prior offense, as well as the current offense, and the evidence of the prior offense was uncontradicted.

Under the circumstances, we think the statement of the clerk could not fairly be construed as his opinion as to the ultimate fact to be found by the jury, but merely as a statement of one element of the charge. The appellant's argument that the court should have given a clarifying instruction is without merit. No such instruction was asked by counsel, and even if we assume, without deciding, that a motion for a mistrial was proper at that stage of the case, we find no prejudice.

*Judgment affirmed.*