## TORRES *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 14, September Term, 1961.]

*Decided November 28, 1961.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT, HORNEY, MARBURY and SYBERT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

By his original petition and three amendments thereto, Miguel R. Torres alleged some thirteen grounds upon which he sought relief under the Post Conviction Procedure Act from his conviction and sentence as a second offender for violation of the Narcotics Law. His petition was denied and he seeks leave to appeal.

His petition was properly denied, we think, for the reasons stated by Judge Prendergast in his opinion in the Criminal Court of Baltimore.

The applicant contends, however, that the trial judge did not pass upon all of his contentions. We suppose that some of them were abandoned in the trial court as untenable and that Judge Prendergast passed upon all that were pressed. He considered and rejected claims based upon: (i) alleged unconstitutionality of the Narcotics Law; (ii) alleged insufficiency of the evidence; (iii) alleged insufficiency of instructions to the jury; and (iv) absence of a special finding by the jury that the applicant was a second offender. We think it unnecessary to add to what he has said on points (ii), (iii) and (iv). We shall supplement slightly what he said as to the constitutionality of the statutes involved and will consider other contentions of the applicant, none of which seems to call for any remand for further proceedings.

The applicant could have, but did not, appeal from his

conviction.[1] The attacks upon the constitutionality of the sections of the Narcotic Law under which the applicant was tried and convicted do not go to the jurisdiction of the trial court, which is a superior court of general jurisdiction in criminal matters. These attacks could have been made in the original proceedings and could have been reviewed on appeal. They, therefore, do not present grounds for relief in *habeas corpus* proceedings. *Loughran v. Warden,* 192 Md. 719, 724, 64 A. 2d 712, cert. den. sub. nom. *Loughran v. Maryland,* 337 U. S. 908; *Superintendent v. Calman,* 203 Md. 414, 420, 101 A. 2d 207; *Jackson v. Warden,* 218 Md. 652, 654-55, 146 A. 2d 438. What will serve as a basis for *habeas corpus* proceedings will also serve as a basis for relief under the Uniform Post Conviction Procedure Act (Code, 1961 Cum. Supp. to the 1957 Ed., Art. 27, §§ 645A-645J, the "Act"); but since these grounds are unavailable for *habeas corpus* relief, they cannot, by virtue of the provision just referred to (which is contained in § 645A (a)) strengthen the applicant's position under the Act. Furthermore, we think that since these points could have been litigated at the original trial and on appeal, they are excluded as grounds for relief under the Act by the provisions of § 645A (a) and of § 645A (b). § 645A (a) excludes as a ground for relief any alleged error "previously and finally litigated or waived in the proceedings resulting in the conviction," and § 645A (b) provides that the remedy afforded by the Act "is not a substitute for, nor does it affect any remedies which are incident to the proceedings in the trial court * * * or any remedy of direct review * * *." See the following cases arising under the Act: *Banks v. Warden,* 220 Md. 652, 654, 151 A. 2d 897 (waiver of question of constitutionality of Narcotics Law by failure to raise it in trial court and pleading guilty; no appeal); *Brown v. Director of Patuxent Institution,* 224 Md. 635, 638, 165 A. 2d 895, cert. den. 365 U. S. 859 (waiver by failure to question court's construction of Defective Delinquent Law in trial court; no appeal); *Hall v. Warden,* 224 Md. 662, 664, 168 A.

---

1. If he were an indigent he could have done so at public expense. Acts of 1958, Ch. 68, adding Sec. 15A to Art. 5 of the Code of 1957.

2d 373 (waiver of one question (alleged illegal search) by failure to raise it at trial and on appeal and either final litigation or waiver of another (alleged denial of counsel); original conviction had been appealed). *Cf. Brown v. Allen,* 344 U. S. 443, 486; and *Whitley v. Steiner,* 293 F. 2d 895 (C. A., 4), a case under the Federal Habeas Corpus Act, in which Chief Judge Sobeloff reviews a number of cases dealing with waiver or forfeiture of remedies available under state law through failure to invoke them or to invoke them properly. We may add that even if these contentions were available in this proceeding, none of them would, in our opinion, be sustainable. This comment applies to the *ex post facto* argument mentioned below and to the contention made under the items designated by the applicant as 1(a), (b) and (c), that the Narcotics Law generally and two specific sections here involved are invalid for non-compliance with Sec. 29 of Art. 3 of the Maryland Constitution requiring that an Act shall embrace but one subject, which shall be stated in its title. See Acts of 1935, Ch. 59, which enacted the Uniform Narcotics Act in this State, and the Acts of 1937, Ch. 154 and the Acts of 1951, Ch. 466, amending, respectively, what are now Secs. 277 and 300 of Art. 27 of the Code (1957). The titles are adequate and the provisions of these Acts are germane to their titles.

Attacks alleging violation of the applicant's privilege against self-incrimination under the Fifth Amendment to the Federal Constitution and under Article 22 of the Maryland Declaration of Rights (his items 5 (a), 5 (b) and 6 (b)), and alleging denial of due process and equal protection of the laws under the Fourteenth Amendment (his items 6 (a) and 6 (b), all of these attacks being based upon the fact that the indictments alleged the prior offense as well as a current offense, are not sustainable, we think, in the light of *Beard v. State,* 216 Md. 302, 140 A. 2d 672; *McCoy v. State,* 216 Md. 332, 140 A. 2d 689, cert. den. 358 U. S. 853; *Garrigan v. Superintendent,* 218 Md. 662, 146 A. 2d 431; and *Toyer v. State,* 220 Md. 205, 151 A. 2d 730.[2] The

---

2. A form of indictment for second or subsequent offense cases is prescribed by new Maryland Rule 713 (which carries out a suggestion made in the *Beard* case, 216 Md. at 320). It will become effective January 1, 1962, and, of course, does not affect the law applicable at the time of the trial of Torres' case in 1960.

claim (item 6 (b)) that the 1951 amendment increasing the penalty for a second offense is an *ex post facto* law as applied to a second offense where the first offense was committed before, and the second years after its passage, is also untenable. *Taylor v. Warden,* 213 Md. 646, 131 A. 2d 720. The applicant's claim of a violation of the privileges and immunities clause of the Fourteenth Amendment (included in his item 6 (b)) seems to add nothing to his claims of denial of due process and of the equal protection of the laws, neither of which we think sustainable. We find no factual basis to support his claim that he was denied a speedy trial (his item 7); nor is there any allegation that he made any objection on this score at the time of his trial and it appears clear that he did not make any. Such an objection is not available as a basis for collateral attack, *Kirby v. Warden,* 214 Md. 600, 133 A. 2d 421; and even if it were, failure to raise it at the trial waives it, *ibid. Cf. Reddick v. State,* 219 Md. 95, 148 A. 2d 384, cert. den. 360 U. S. 930.

The objection that the applicant was not informed of the charges against him (item 8) appears wholly without foundation in fact. He was furnished with copies of the indictments, was arraigned several days later and was represented then and throughout the trial by experienced counsel of his own choice. If there were any need for an interpreter, his counsel would undoubtedly have obtained one. (The voluminous record in this case suggests that the English language presents no serious problem to the applicant, though it may be that it presents none to his amanuensis.)

Claims going to the construction of Secs. 277 and 300, respectively, of Art. 27 (items 1 (b) and 3) scarcely merit comment, if, indeed, they may be raised at all in these proceedings. Sec. 277 enumerates some six acts disjunctively declared to be unlawful, placing a comma after each of the first four and the conjunction "or" between the fifth and sixth. The applicant contends that the commas should be read as meaning "and" or "also", thus making the section vague and indefinite and hence void. This is utterly frivolous. His claim that Sec. 300 does not impose the added second offense penalty if the prior offense is based upon a conviction in

Maryland, and not upon a conviction in another state or in a federal court, is also quite unsupportable.

His remaining claims—alleged "duplicity" between counts 1 and 2 and counts 1 and 3 and counts 2 and 4 of each indictment (his items 2 (a) and (b))—even if they afforded a basis for post conviction relief (which we do not imply) are devoid of merit. There is no inconsistency between them, and if the greater includes the less, the offenses charged in counts 1 and 2 would be merged in those charged in counts 3 and 4; and furthermore the applicant was not sentenced to a greater penalty than was authorized under count 3 or 4 of each indictment. See *Niemoth v. State*, 160 Md. 544, 560, 154 A. 66, and cf. *Hardesty v. State*, 223 Md. 559, 562, 165 A. 2d 761.

There have been transmitted to this court a petition (and a duplicate thereof) directed to a judge of the trial court seeking the correction of an allegedly illegal sentence. (See (present) Maryland Rule 744 a.) The petition was filed after the determination of Torres' post conviction case by the trial court. Though it seems to embody some of the same contentions raised in this case, it constitutes no part of the record herein and is not properly before us. These documents will accordingly be returned to the Criminal Court for its consideration.

*Application for leave to appeal denied.*