## MILLER *v.* STATE

[No. 310, September Term, 1961.]

*Decided June 14, 1962.*

The cause was submitted to BRUNE, C. J., and PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

Submitted on the brief by *Herbert B. Mullter* and *Carl Seif,* for appellant.

Submitted on the brief by *Thomas B. Finan, Attorney General, Joseph S. Kaufman, Deputy Attorney General, Saul A. Harris, James W. Murphy* and *John W. Sause, Jr., State's Attorney* and *Assistant State's Attorneys,* respectively, for Baltimore City, for appellee.

PER CURIAM.

Appellant was convicted in the Criminal Court of Baltimore, by a jury, of unlawfully attempting to obtain a narcotic drug by the use of a false name and address (Code [1957], Article 27, Section 295); and, under another count in the indictment, of being a second offender (Article 27, Section 300).

There is little merit in the appeal. The appellant first contends that he was convicted on the uncorroborated testimony of an accomplice. If we assume, without deciding, that the State's witness Noel was an accomplice, there was ample evidence to corroborate his testimony, so as to support the conviction. *Novak v. State,* 214 Md. 472, 136 A. 2d 256; *Wright v. State,* 219 Md. 643, 150 A. 2d 733; *Campbell v. State,* 221 Md. 80, 156 A. 2d 217. ·

The appellant, in effect, requested the court to sever the indictment by presenting to the jury only the question of the present offense and excluding from the jury's consideration the issue of whether he was a second offender. This question has been flatly passed upon by this Court in several recent cases. *Beard v. State,* 216 Md. 302, 140 A. 2d 672; *McCoy v. State,* 216 Md. 332, 140 A. 2d 689; *Toyer v. State,* 220 Md. 205,

151 A. 2d 730. For the reasons given in the opinions of these cases, we find no error here. (However, see Maryland Rule 713, effective as of January 1, 1962.)

At the conclusion of the testimony, appellant's attorney made certain oral requests to the court for instructions to the jury. They not only did not comply with Rule 739 (1958 ed.), but it is difficult to discover, with any degree of accuracy, just what the requests anticipated. We have examined the court's charge to the jury, and it fairly presented to the jury the issues involved.

*Judgment affirmed.*