Richard LANE

v.

WARDEN, MARYLAND PENI-TENTIARY.

Civ. A. No. 13820.

United States District Court
D. Maryland,
Civil Division.

Aug. 14, 1962.

Alva P. Weaver, III, Lord, Whip, Coughlan & Green, court appointed, Baltimore, Md., for petitioner.

Thomas B. Finan, Atty. Gen., of Maryland, Robt. F. Sweeney, Asst. Atty. Gen., Baltimore, Md., for respondent.

CHESNUT, District Judge.

This is a petition for habeas corpus by a Maryland State prisoner filed in this court on May 21, 1962. He was indicted by the Grand Jury of Baltimore City in three separate indictments for violation of the State narcotic laws. He was tried in the Criminal Court of Baltimore before Judge Joseph L. Carter and a jury, and was found guilty by the jury in each of the three indictments. Each indictment contained a number of separate grounds, two of which in each case charged not only the current offense but two prior offenses. The defendant was therefore tried as a third offender and, in accordance with the Maryland statute for a third offender, was sentenced by Judge Carter to 15 years in each of the three cases, the sentences to run concurrently. He filed a motion for a new trial which was overruled. He then took a direct appeal to the Maryland Court of Appeals which was considered at length by the Court in an opinion by Judge Prescott, and the judgment was affirmed, 226 Md. 81, 172 A.2d 400. He was represented at the trial and also on the appeal by counsel appointed by the court.

On reading the petition for habeas corpus I passed an order requiring the respondent to show cause why it should not be granted, and in due course the answer thereto has been filed and can be found in the file in the case. The point is made in the answer that the petitioner had not exhausted his remedies under the Maryland statute because he had not taken a post conviction proceeding under the Maryland statute (Md.Code of 1957, 1961 Supp. Art. 27, § 645A et seq.).

I then appointed counsel to represent the petitioner at the hearing to be held on his petition in this court. The appointed counsel, Alva P. Weaver, Esq., a competent practicing attorney in Baltimore City now associated with the law firm of Lord, Whip, Coughlan & Green; and in due course the case was set for hearing and has now been heard, the petitioner being present in person and represented by his appointed counsel. At the hearing the petitioner submitted no evidence on his behalf either by himself or others, but submitted the case for decision by the court on the petition and argument of counsel. After hearing extended argument of counsel, I have concluded that the petition for habeas corpus should be and is hereby *dismissed*. My reasons for this conclusion are as follows:

At the extended hearing held here counsel for the petitioner, in the latter's presence, made two points in support of the legal argument which he submitted after careful and extended investigation of the applicable law. These two points were (1) that the trial judge, and also the Maryland Court of Appeals in affirming the conviction, erred substantially in the overruling of the motion for suppression of evidence and the admission of evidence obtained by an illegal search and seizure. It appears from the extended opinion of Judge Prescott for the Maryland Court of Appeals in the case, that each of the nine points submitted on the appeal on behalf of the appellant were separately considered and all found to be without legal merit. One of the points now relied upon here is related to the ruling of the trial judge and the opinion of the Maryland Court of Appeals with regard to the point as to the suppression of evidence and the admission of testimony as to search and

seizure. This was point No. 5 specifically dealt with in the opinion of Judge Prescott. As to this, I think it is sufficient to say succinctly that I find no proper basis for contending that the decision of the trial court and the affirmance by the Court of Appeals constituted any violation of the due process clause in the federal 14th Amendment. The reasoning of Judge Prescott is, I think, quite clear and conclusive on that point as within the well established Maryland criminal law and procedure. The decision was made on the basis of consideration and weighing an appraisal of conflicting evidence in the case and, as pointed out in Judge Prescott's opinion, there was ample evidence in the case to warrant the conclusion that the arrest and seizure were not illegal and the results thereof included in the record before the court.

In the oral argument here counsel for the petitioner also urged that this court should consider the complaint that the prosecuting attorney made improper and prejudicial comments to the jury; but I think this was adequately and correctly disposed of in Judge Prescott's opinion. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

■ It is doubtful whether the failure of the petitioner to apply for a post conviction hearing would in these circumstances constitute sufficient ground for re-consideration under a post conviction hearing. Section 645A(a) provides among other things that as to the scope of the hearing on post conviction it is not within the province of the post conviction court to consider matters which have previously been fully and finally litigated in the prior Maryland proceedings. It is of course now quite clear under the applicable federal habeas corpus statute that in habeas corpus in this court a Maryland State prisoner is not entitled to call upon the federal court to intervene in his case unless he has first established (1) that he has exhausted his available remedies (28 U.S.C.A. § 2254) or (2) that his conviction and imprisonment violates some provision of the federal 14th Amendment. Therefore, assuming that the post conviction hearing is not a necessary requisite to the jurisdiction here, I pass to a consideration of the second point urged at length in argument by appointed counsel, that is, the final decision of the Maryland Court (the Supreme Court of the United States having denied certiorari when applied for by the petitioner) presents an alleged violation of a federal constitutional point.

■ The specific point here relied on is the contention that the defendant in the State court did not have a fair and impartial hearing in the trial of his case before a jury because at the outset of the case the indictment which charged a current violation also contained a charge that the current offense constituted a third offense under the Maryland narcotic laws (Md.Code, Art. 27, §§ 277, 300). It is said that ipso facto the reading of such a charge to the jury at the beginning of a case necessarily so prejudiced the jury against the defendant that it precluded the possibility of a fair trial.

This contention is not new in Maryland criminal law and procedure because it has previously been fully considered and passed upon by the Maryland Court of Appeals and has been (until January 1, 1962) the established rule and procedure in this State, the final decision of the Maryland Court of Appeals in this case having been in July 1961 (226 Md. 81, 172 A.2d 400, cert. den. Feb. 19, 1962, 368 U.S. 993, 82 S.Ct. 611, 7 L.Ed.2d 529). It is not disputed by counsel here that the Maryland Court has repeatedly decided the present contention adversely; nor is there any claimed uncertainty or ambiguity with respect to the several prior decisions of that court. That being so, I think it must be held here that the point now contended for would not be open for review under the Maryland post conviction procedure. I come therefore directly to the contention that these decisions of the Mary-

land Court of Appeals are contrary to the federal 14th Amendment requiring due process.

The procedure that was followed and approved in this case has been in accordance with the established Maryland criminal law and procedure since at least 1878 when it was first very carefully examined and approved by the Maryland Court of Appeals in an excellent opinion, and the reasoning given therefor, by Chief Judge Alvey who, by general reputation and tradition is well known to Maryland lawyers and judges to have been an outstanding Maryland appellate judge of his generation. Maguire v. State, 47 Md. 485. After having been Chief Judge of the Maryland Court of Appeals for many years, Judge Alvey was appointed by President Cleveland in 1893 to be the Chief Judge of the then newly organized Court of Appeals for the District of Columbia. I suggest that a consideration of the constitutional contention now made here can well begin by first reading Judge Alvey's opinion in the Maguire case and then by reading the even more extended and thorough consideration of the question in the opinion by Chief Judge Brune of the Maryland Court of Appeals in Beard v. Maryland, 216 Md. 302, 140 A.2d 672 (1958), and then by reading the third of the more important opinions on this subject in the Maryland Court of Appeals, that is the opinion of Judge Prescott in the current case of Lane, 226 Md. 81, 172 A.2d 400. Judge Alvey's opinion in the Maquire case has been approved and followed by all the later cases in the Maryland Court. See also particularly the following later Maryland cases: Beard v. State, 216 Md. 302, 140 A.2d 672 (1958); McCoy v. State, 216 Md. 332, 140 A.2d 689 (1958); Toyer v. State, 220 Md. 205, 151 A.2d 730 (1960); Lane v. State, 226 Md. 81, 172 A.2d 400 (1961); Torres v. State, 227 Md. 649, 175 A.2d 594 (1961).

It is of course clear enough that a defendant may not be punished as a third offender unless it is first established that he did commit two prior criminal offenses on separate occasions before committing the current offense for which he is indicted. It is pointed out in Judge Alvey's opinion that the established mode of doing this was to allege the fact in the indictment which put the matter in issue and which of itself gave notice to the defendant that he would be charged as a second or third offender, as the case might be. The statement in the indictment of the commission of prior offenses was not to be considered as a charge of the particular crimes but as an "historical fact" of what had previously occurred. See Judge Brune's opinion in the Beard case, supra, citing 216 Md. at page 316, 140 A.2d 672, Goodman v. Kunkle, 72 F.2d 334, 7th Cir. 1934.

It will be noted at the end of Judge Alvey's opinion in the Maquire case that it was the opinion of the court for which he was speaking, that in addition to the general verdict of guilty as to the current offense, it was necessary to have a specific finding by the jury as to the existence of this historical fact alleged with regard to the conviction on prior offenses; but that the latter point was not presented by the appeal in that case and therefore was mentioned to avoid a misunderstanding of the scope and effect of the decision in that case. Adverting to this point, Judge Brune's opinion in the Beard case, supra, points out that in lieu of a jury finding as to the historical fact alleged it is sufficient, if it otherwise affirmatively and conclusively appears. It was so found in the Beard case from a stipulation of counsel as to the existence of the historical fact; and in the McCoy case, supra, it was found in the testimony of the defendant himself as a witness in the case; and in the present Lane case, as conceded by counsel at the hearing here, it was found in the defendant's own statement as a witness on his behalf. It thus appears that in the absence of a specific jury finding as to the historical fact there must be something in the record which conclusively establishes this existence, otherwise the extent of punishment by the sentence of

the court would not be justified where the only verdict is the general one of guilty on the indictment containing an averment of the historical fact. However, no further discussion on this point is necessary as it was expressly conceded by counsel here that there was no challenge to the term of the sentences imposed.

Despite very careful and extended research by appointed counsel in this case, he concedes that no federal appellate case or of the Supreme Court can be found in support of his present contention that the defendant's trial was lacking in due process of law. And I have not been able to find such a case. However, two Supreme Court cases, one many years ago, McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542, and the more recent one of Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed. 2d 446, should be referred to as seemingly approving in principle the Maryland procedure in the instant case. In the former McDonald case, the Supreme Court was dealing with a Massachusetts statute relating to the case of an habitual criminal. By analogy to the present Maryland case, the procedure there was not unlike the present case. Possibly of greater significance is the more recent decision of the Supreme Court in the Oyler case (1962) where the court was dealing with a particular West Virginia recidivist statute. The effect of the decision was that under the State statute all that was essentially required was that the defendant be given some notice before his "historical" trial that the so-called historical statement or fact would be introduced by the State against him. In the discussion of the case there is perhaps a strong inference of the tacit approval in principle of the Maryland procedure in the instant case. It also appears from a rather wide research that now this particular problem as to the procedural matter is handled differently in different States, as, for instance, in the Connecticut case of State v. Reilly, 94 Conn. 698, 110 A. 550 (1920); State v. Ferrone, 96 Conn. 160, 113 A. 452 (1921) as pointed out in Judge Horney's

opinion in the Maryland case of McCoy. It is however, unnecessary to explore this divergence of procedure under respective State statutes as there was no similar Maryland statute involved in the instant Lane case.

It appears also that since the decision of the Maryland court in the Lane case, in which application for certiorari was denied by the Supreme Court on February 19, 1962, 368 U.S. 993, 82 S.Ct. 611, 7 L.Ed.2d 529, the Maryland Court of Appeals, acting under State constitutional authority, has approved a new rule of procedure with respect to notice of and subsequent proof of the statement as to conviction of prior offenses, by a rule of criminal procedure which became effective for the first time January 1, 1962. This new rule effective only months after the final decision of the Maryland Court in the instant Lane case, can be found as Rule 713 of the Maryland Rules of Procedure, 1961 Ed., not yet codified in the Annotated Code. Very shortly stated, the effect of the new rule seems to be that instead of alleging the historical statement in the indictment, it will be sufficient to give notice to the defendant in a separate paper as an addendum to the indictment, that the defendant has the right to elect as to when and how the State's proof of the historical fact may be given, that is, either at the original trial or in a subsequent finding of the court or jury of its existence. It would seem that this new rule was possibly consequent upon Judge Horney's suggestion in the opinion in the McCoy case, 216 Md. 332, 140 A.2d 689, decided in 1958. For a full and interesting discussion of this subject in other jurisdictions where a special statute or valid procedure provision occurs, see Note "Pleading and Proof of Prior Convictions in Habitual Criminal Prosecutions," David S. Sidikman, 33 N.Y. Un.Law Rev. p. 210 (1958).

In conclusion, I find no sufficient basis for the petitioner's contention that the Maryland procedure in this Lane case constituted any infringement of the requirement of the federal constitutional

provision in the 14th Amendment against due process of law. For these reasons the petitioner's writ for habeas corpus in this court is hereby *dismissed* this 14th day of August 1962. The Clerk is instructed to send a copy of this order and opinion to the petitioner. An appeal, if any, must be taken within thirty days by notice directly to the Clerk of the Court, Mr. W. W. Butschky, 502 Post Office and Court House, Baltimore 2, Maryland.