SPENCER CROSSLAND *v.* STATE OF MARYLAND

[No. 92, September Term, 1967.]

*Decided January 11, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Howard B. Gersh* for appellant.

*Anthony M. Carey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On December 20, 1966 the appellant was convicted of being a rogue and vagabond in the Criminal Court of Baltimore before Judge James A. Perrott, presiding without a jury. He was sentenced to imprisonment for a term of 2 years from September 2, 1966. On December 21, 1966 he filed a motion for a new trial. On January 23, 1967 the sentence was "stricken out", the motion for a new trial was heard and denied and he was sentenced to imprisonment for a term of 18 months from that date.

On this appeal he contends that the evidence was not sufficient to sustain the conviction.

About 12:30 P.M. on September 1, 1966 a police officer, while patrolling his post, saw the appellant, "walking out the front door of 524 E. 23rd (Street), carrying a portable record player in one hand and a transistor radio in the other." The appellant walked east on the opposite side of 23rd Street to Boone Street and proceeded south on Boone Street. The officer went to 524 E. 23rd Street and after receiving "certain information" from the occupant, Mrs. Maggie Shepherd, hailed a taxi and when it arrived at 20th and Boone Streets, he saw the appellant, who placed the record player on the sidewalk and started to walk west on 20th Street. The officer arrested the appellant and a search of his person disclosed a screwdriver which was stuck in his belt. About 5½ minutes had elapsed from the time the officer spoke to Mrs. Shepherd until the appellant was apprehended. Mrs. Shepherd identified the record

player as the property of her grandson and stated that it had been in the dining room window of her home on the day it was taken, that she had not given anyone permission to take it, that she did not see the appellant in her house and had never seen him before. There was no evidence of a breaking of the premises.

In *Thomas v. State*, 1 Md. App. 528, we stated, page 532, that Art. 27, § 490, Md. Code (1967 Repl. Vol.) has three distinct parts, by the commission of any one of which, a person shall be deemed a rogue and vagabond. By the third part a person shall be deemed a rogue and vagabond if he "* * * shall be found in or upon any dwelling house * * * with an intent to steal any goods or chattels." The appellant was seen by the police officer "in or upon" the dwelling house in possession of a record player taken from the house. From this evidence the trial court could properly find, as it did, that the appellant was in or upon the premises with an intent to steal. The appellant argues that the statute was not applicable because he had already stolen goods when he was found on the premises and thus the requisite intent had been fulfilled by the consummated stealing and no longer existed. We think this a sophistical contention at best. The direct evidence showed that the appellant was in the dwelling to steal, and the trial court could rationally infer, although the appellant had stolen one article, that he intended to steal other goods, being precluded from fulfilling the intent by the appearance of the police officer. We cannot find that the judgment of the trial court on the evidence was clearly erroneous. Md. Rule, 1086.

The appellant has submitted to this Court in proper person a document entitled "an amendment to the originally brief filed." Although the Maryland Rules of Procedure provide for a reply brief (Rule 1030 a 3) there is no provision for an amended or supplemental brief. In any event the document is patently not a reply to the appellee's brief and as it presents questions not tried and decided by the lower court, those questions are not properly before us and we shall not decide them. Md. Rule, 1085.

*Judgments affirmed.*