# ROSEMARY KING JONES *v.* STATE OF MARYLAND

[No. 180, September Term, 1967.]

*Decided April 10, 1968.*

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*G. Denmead LeViness* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph R. Raymond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Murphy, C. J., delivered the opinion of the Court.

The appellant, Rosemary King Jones, was found guilty generally by the court sitting without a jury on a three-count indictment charging sale, possession and control of narcotics and of being a second offender under an addendum to the indictment. Sentenced to imprisonment for eight years under a general verdict, she contends on this appeal (a) that she was denied due process of law because of the unreasonable delay between the date of the alleged offense and the date of her arrest, and (b) that there was insufficient evidence presented by the State to justify the convictions.

The record discloses that at noon on August 10, 1966, Frederick Bland, an undercover agent for the Federal Bureau of Narcotics, and an unnamed informant, were sitting in their car when a person, later identified as the appellant, approached them and asked "what we were looking for." The two men told appellant that they wanted bags of heroin and gave her $30.00 to make the purchase. Within a short time thereafter, appellant returned to the car and gave the agent two bags of heroin. The

day following this transaction, Agent Bland identified a mug shot of the appellant as being the person who sold him the two bags of heroin on August 10. A few days thereafter, the drugs were subjected to chemical analysis and proved to contain heroin hydrochloride.

Agent Bland testified that he obtained a warrant for appellant's arrest on December 14, 1966, some four months after the commission of the crime. He testified that the delay in obtaining the warrant was attributable to the fact that the Federal Bureau of Narcotics and the Baltimore City Police Department were making an intensive investigation and that to have made an earlier arrest "would have impaired the entire operation."

Appellant testified at the trial that she had no recollection of what she was doing, nor where she was, on August 10, 1966. She stated that although she was a drug addict, she did not see Agent Bland on August 10 and she testified further that it was not until December 31, 1966 that she was actually arrested.

We find no merit in appellant's contention that she was denied due process of law because of the unreasonable delay between the date of the offense (August 10) and the date of her arrest (December 31). After hearing the testimony, the lower court concluded that federal and city police "were in the process of working up a case and did not want to do anything to disturb the status of the informant."

It is, of course, clear that mere delay in procuring an arrest warrant, in and of itself, does not constitute prejudicial error. In *Brown v. State,* 1 Md. App. 571, the defendant violated the narcotics laws on August 26 and 27, 1965, and was not arrested until November 12, 1965. It was there alleged, as it is here, that the delay violated appellant's constitutional rights. We observed in *Brown* that the evidence showed that the delay in procuring the defendant's arrest on a warrant was occasioned by the existence of undercover work which would have been jeopardized had an earlier arrest been made. We hold here, as we did in *Brown,* that the delay in making the arrest was not unjustifiable under the circumstances. In so concluding, we have considered *Ross v. United States,* 349 F. 2d 210 (App. D. C.), upon which appellant relies, but find it inapposite under the facts of the present case.

Appellant suggests that the trial judge unduly restricted her cross-examination of Agent Bland as to the nature, scope and extent of his police activities and points to the fact that the court sustained an objection on relevancy grounds to her inquiry of him as to "how many cases have you and the informer made that have led to arrests." While we agree with appellant that she should have been given the broadest latitude in cross-examining the agent in order to test his powers of perception and recollection, it is evident from the record that her efforts at cross-examination were not directed to this end, but rather were intended to elicit the reasons underlying the delay in making the arrest. The trial judge undoubtedly felt that the inquiry as posed, was over-broad and, as such, irrelevant; and appellant made no effort to narrow the range of the question and pinpoint the area of appropriate interrogation. Under these circumstances, we see no prejudicial error in the court's ruling.

That the evidence was sufficient to sustain the convictions is entirely clear. The testimony of Agent Bland and the admission by stipulation of the chemist's analysis was sufficient, if believed —as it obviously was—to support the convictions. See *Brown v. State, supra,* at page 576.

We do not believe, however, that appellant could properly be sentenced as a second offender under Section 300 of Article 27 of the Maryland Code (1967 Repl. Vol.). It was stipulated at the trial that the prior offense upon which the addendum was based was a 1960 conviction for possession of narcotics paraphernalia (a hypodermic syringe, etc.) under Section 297 of Article 27 of the Maryland Code. Section 300 (a), which authorizes imposition of a greater punishment for a second offender, provides, in pertinent part, as follows:

"(a) Any person who violates the provisions of §§ 277, 291 or 295 of this subtitle with regard to any narcotic drug specified in §276 herein shall be guilty of a felony, and upon conviction shall be fined not more than one thousand dollars ($1,000) and shall be imprisoned for not less than two or more than five years. For a second offense, or if, in case of a first conviction of violation of the aforesaid sections, the offender shall

previously have been convicted of any violation of the laws of the United States *or of any other state, territory or district relating to narcotic drugs or marihuana,* the offender shall be fined not more than two thousand dollars ($2,000) and be imprisoned not less than five or more than ten years." (Emphasis supplied.)

Sections 277, 291 and 295 of Article 27 generally proscribe the unlawful manufacture, possession, control, sale, prescribing, administering and 'dispensing of narcotic drugs, keeping certain specified places for the purpose of using or permitting the use or sale of such drugs, and obtaining drugs by fraud, deceit or forgery. None of these Sections proscribe unlawful possession of narcotic paraphernalia, that being designated as an offense by Section 297. It is thus clear that appellant's prior conviction *in this State* of possessing narcotic paraphernalia is not one of those narcotic offenses coming within the purview of Section 300(a) authorizing the imposition of an enhanced punishment for second offenders. We note, of course, that Section 300(a) purports to authorize punishment as a second offender of persons "previously * * * convicted of any violation of the laws of the United States or of *any other state* * * * relating to narcotic drugs or marihuana * * *." While we entertain considerable doubt that a conviction in another State for possessing narcotic paraphernalia would properly come within the ambit of the phrase "relating to narcotic drugs," as used in Section 300(a), we need not here decide that question since appellant's prior conviction for possessing narcotic paraphernalia occurred *in this State.*[1]

---

1. By Chapter 607 of the Acts of 1904, Chapter 523 of the Acts of 1906 and Chapter 473 of the Acts of 1912, it was made unlawful for any person, including physicians and dentists under certain conditions, to sell, furnish or give away specified narcotic drugs. Those Acts declared such offenses to be misdemeanors and provided greater punishment for second and third offenders. By Chapter 59 of the Acts of 1935, the Legislature repealed these Acts and enacted a comprehensive law creating a number of crimes relating to narcotic drugs, including the offense of unlawfully possessing narcotic paraphernalia. That Act provided that any person who violated

We, therefore, conclude that appellant's sentence as a second offender cannot stand. The trial judge imposed a general eight-year sentence without specifying how much of that term was to be attributed to the finding of guilt under the addendum. We think it clear that five years of the total eight-year term was necessarily attributable to the finding of guilt as a second offender. See *Woodfork v. State,* 3 Md. App. 622. We will, therefore, remand the case for entry of a not guilty finding on the addendum to the indictment, and for the entry of a proper sentence which may not exceed three years.

> *Judgment of conviction affirmed; case remanded for entry of a finding of not guilty on the addendum to the indictment and for entry of a proper sentence, in accordance with this opinion.*

"any provision of this subtitle" was subject to punishment as a subsequent offender so that, as of that time, a conviction of possessing narcotic paraphernalia would have been a prior offense subjecting the offender to punishment as a subsequent offender under that Act. By Chapter 466 of the Acts of 1951, increased penalties were provided for persons violating "any provision of this subtitle." Chapter 772 of the Acts of 1963 repealed and re-enacted, with amendments, the precursor of what is now Section 300, the primary purpose of this Act being to designate certain narcotic offenses as felonies. Chapter 55 of the Acts of 1964 repealed then Section 300 and enacted in its place a new penalty section—the present Section 300—providing punishment for narcotic offenses designated therein as felonies, including a greater punishment for persons previously convicted of committing such designated offenses, and classifying all other narcotic offenses as misdemeanors and providing a penalty therefor, excluding therefrom, however, any greater penalty for subsequent offenders. The fact that a prior violation of the narcotics laws was, when committed, a misdemeanor does not automatically exclude that prior conviction as one of those offenses for which a person can be subjected to greater punishment as a second offender under Section 300(a), *so long as the substance of such prior conviction, when committed falls within the present coverage of Section 300(a)*. See *Murray v. State,* 236 Md. 375; *Wells v. State,* 236 Md. 381; *Gans v. Warden,* 233 Md. 626. Nothing in *Torres v. Warden,* 227 Md. 649, decided in 1961, compels a contrary result.