# CLEO C. WOODFORK *v.* STATE OF MARYLAND

[No. 208, September Term, 1967.]

*Decided April 10, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Stuart E. Hirsch,* with whom was *Nelson R. Kandel* on the brief, for appellant.

William B. Whiteford, *Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James F. Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

On July 17, 1967 appellant pleaded guilty generally in the Criminal Court of Baltimore to a three-count indictment charging violation of the narcotics laws [1] and of being a second offender under an addendum to the indictment. Prior to imposition of sentence, counsel for the appellant drew the court's attention to the provisions of Section 306B of Article 27 of the Maryland Code (1967 Repl. Vol.), which authorized the court to suspend sentence imposed on a narcotics violator, including a second offender, and refer him to a hospital or other appropriate institution for the treatment of narcotic addicts. The court, after reviewing appellant's prior criminal record, imposed a sentence of two years on each count of the indictment and a two-year term "as to the addendum," all sentences to run concurrently. Immediately after imposing this sentence, the court stated that its attention had been called "to the fact that under the second offender statute, I may not have imposed the proper sentence [since] I think the second offender calls for a heavier sentence than what I have imposed." Later that afternoon a subsequent proceeding was held at which time the court stated that the statute governing the incarceration of second offenders under the narcotics laws required that a sentence of not less than five years be imposed. A "corrected" sentence of five years "as to the addendum" was then imposed, to run concurrently with the other sentences. Appellant objected to the corrected sentence and contends on this appeal that the court's action in so revising the sentence violated Maryland Rule 764b which prohibits the court from increasing the length of any sentence previously imposed.

---

1. Possession of narcotics (count 1); control of narcotics (count 2); possession of narcotic paraphernalia (count 3).

Section 300 of Article 27 of the Maryland Code (1967 Repl. Vol.), relating to the penalties to be imposed for unlawful possession and control of narcotics, provides in part that "For a second offense * * * the offender shall be fined not more than two thousand dollars ($2000) and be imprisoned not less than five or more than ten years." The thrust of appellant's argument is that the court was empowered to impose a sentence lesser than the statutory minimum of five years since Section 306B of Article 27 authorizes it to suspend the sentence imposed on narcotics violators, including second offenders, and send them to a hospital for treatment. Appellant reasons that as the court has this authority, it necessarily is empowered to impose a term of imprisonment less than the minimum set forth in Section 300.

As a general rule, where the punishment for a criminal offense is fixed by statute, that imposed by the court must conform thereto. 24B C.J.S. *Criminal Law,* Section 1982, and cases there cited. In *Kirschgessner v. State,* 174 Md. 195, 198, it was held to be within the province of the Legislature "to fix the penalty for the commission of crimes and offenses, and thus limit the power of the courts to impose penalties, and, prior to the year 1906, courts were restrained by the limits, high and low, imposed by statute." The 1906 statute to which the *Kirschgessner* court had reference (Chapter 536 of the Acts of 1906) is now codified as Section 643 of Article 27, and reads as follows:

"In all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the judge of the Criminal Court of Baltimore and the several judges of the circuit courts of the counties may, in lieu of the minimum penalty so prescribed, impose a less penalty of the same character; provided, however, that nothing herein contained shall be construed as affecting any maximum penalty fixed by law, or the punishment for any crime where the law provides one and only one penalty."

In *Robertson v. Warden,* 212 Md. 646, it was held that Section 643 "would only be controlling in the case of laws existing at the time of its adoption [in 1906], although it might perhaps be given effect as to subsequently enacted laws by con-

struction." To the same effect, see *State v. Fisher,* 204 Md. 307. As the narcotics laws which appellant was convicted of violating were first enacted in 1935 (see *Rosemary Jones v. State,* 3 Md. App. 616), the provisions of Section 643 would not be applicable to such offenses unless we could, by construction of the pertinent statutes, conclude that the Legislature intended the provisions of that Section to be applicable to sentencing under Section 300.

We are of the opinion, however, that the Legislature intended that the statutory minimum of five years imprisonment for a second offender under Section 300 constitute a mandatory sentence which the court could suspend under Section 306B, where it deemed treatment, rather than incarceration, to be the appropriate disposition. The preamble to Section 306B (see Chapter 376 of the Acts of 1966) contains a number of recitals wherein the Legislature purports to recognize that drug addiction may be a sickness and that criminal sentences for addicts may interfere with their proper treatment and rehabilitation. The Legislature did not, however, repeal Section 300 or in any way indicate an intention to abolish incarceration in a penal institution as a means of dealing with violators of the narcotics laws. By Section 306B, the Legislature provided statutory machinery whereby the sentencing judge, in dealing with second offenders, was authorized, after imposing sentence under Section 300, to suspend it and direct that the offender be referred for treatment at an appropriate hospital or other institution.

Maryland Rule 764a authorizes the court to correct an illegal sentence at any time. In changing its initial imposition of a two-year sentence under the addendum to the five-year mandatory minimum required by Section 300, we think the court was, in effect, correcting an illegal sentence and was not, as contended by the appellant, unlawfully increasing, in contravention of Maryland Rule 764b, the length of a sentence previously imposed. As previously indicated, the trial judge, prior to sentencing the appellant, took into consideration the provisions of Section 306B, but apparently concluded that society's interest would best be served by incarceration under Section 300, rather than treatment under Section 306B.

*Judgment affirmed.*