## JAMES FREDERICK REID *v.* STATE OF MARYLAND

[No. 548, September Term, 1969.]

*Decided July 15, 1970.*

8

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph F. Lentz* (*Jay S. Engerman* on the brief) for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Allen N. Horwitz, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

James Frederick Reid, tried by the court in the Criminal Court of Baltimore, was found guilty of having the narcotic drug codeine in his possession (1st count of indictment 4405), and of having the barbiturate secobarbital in his possession (1st count of indictment 4404). Prosecuted as a subsequent offender as warned in an addendum to indictment 4404, he was found to have previously been convicted of posession of the barbiturate secobarbital proscribed by Code, Art. 27, § 313 C (a). The court imposed a sentence of 1 year on the conviction of the current offense under indictment 4404 to run concurrently with a sentence of 2 years it imposed on the addendum. Although appellant does not question these sentences, we observe that this was error. Code, Art. 27, § 313 C (b) merely authorizes a greater punishment upon conviction of a current offense when the accused is found to be a subsequent offender than when he is not. It does not authorize a sentence upon being found a sub-

sequent offender separate from a sentence imposed upon conviction of the current offense. See *Simmons v. State,* 8 Md. App. 355. However, as two years imposed under the addendum did not exceed the maximum authorized by § 313 C (b), and as the sentence of one year imposed for the current offense ran concurrently with the two year sentence, appellant was not harmed.

Appellant contends that the court erred in admitting evidence obtained by a search and seizure unreasonable as incident to an illegal arrest. But the evidence challenged on appeal was not challenged at trial. It was admitted without objection and defense counsel stated specifically upon inquiry by the court that there was no question as to the legality of the arrest. The point now raised is not properly before us and we do not consider it. See Maryland Rule 729 which is applicable whenever property is claimed to have been obtained by an unlawful search or seizure. By subsection c of the Rule failure to file a petition or motion to suppress or exclude such evidence does not constitute a waiver of a defendant's right to object at trial to the introduction of such evidence. But as to objection at trial Rule 522 is applicable. By subsection d 2 of that Rule objection is treated as waived when not made at the time when the evidence is offered, or as soon thereafter as the objection to its admissibility shall have become apparent.

Recognizing that since the case here was tried by the lower court without a jury, we may set aside its judgment on the evidence only when clearly erroneous, Rule 1086, appellant claims that the court was clearly wrong in its verdicts of guilty. He urges only that considering that it was "dark out", that the observations of the officers were made at a distance of 50 feet,[1] that the lighting was at best poor, and that other persons may have blocked the view of the observing officers, the lower court should not have accepted the testimony of the State's witnesses "as worthy to base a conviction upon." But Rule 1086 re-

---

1. The police used binoculars. See *Johnson v. State,* 2 Md. App. 300.

quires us to give due regard to the opportunity of the lower court to judge the credibility of the witnesses and the matters raised by appellant go to credibility of the witnesses. That and the weight to be given the evidence were matters for the trier of fact and provide no basis for us to say that the court's judgment on the evidence was clearly erroneous. *Pinkney v. State,* 9 Md. App. 283.

On 11 June 1970 appellant filed a petition requesting this Court to allow him to file a supplemental brief because a "new issue" had come to his attention. The supplemental brief he tendered asserts that he was "charged with possessing, controlling and/or selling the cough syrup known as Robitussin A-C which on 4 June 1969 [the alleged date of the offense charged] was a cough syrup available to the public without prescription containing not over one (1) gram of codeine per fluid ounce * * *." He refers to Code, Art. 27, § 286. Section 286 provides in relevant part that the subtitle "Health-Narcotic Drugs" shall not apply to the "[a]dministering, dispensing, or selling at retail any medicinal preparation that contains in one fluid ounce * * * not more than one gram of codeine." But the exemption is subject to conditions, one of which is that "such preparations shall be administered, dispensed and sold in good faith as a medicine, and not for the purpose of evading the provisions of this subtitle." We call attention to Art. 27, § 298 which provides:

> "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provision of this subtitle, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this subtitle, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

Appellant's brief, filed 29 April, did not present the point although it was as apparent then as later. We have consistently held that there is no provision by statute or rule for the filing of supplemental briefs and have refused

to accept them. See *Lindsay v. State,* 8 Md. App. 100; *Crossland v. State,* 2 Md. App. 722. We see no reason here to depart from that practice. As the point was not presented and argued in a brief properly filed, we need not consider it. Rule 1031; *Charles v. State,* 4 Md. App. 110. Nor was the point tried and decided below and therefore is not properly before us. Rule 1085. In any event appellant was charged with the felonious possession of the narcotic drug codeine and was convicted of that offense. A chemist analyzed the contents of two bottles, one of which bore a "Robitussin AC label" and each of which had in it a "brown syrup like liquid." His report showed that 2 mg/cc of codeine phosphate with the notation "(within prescription limits)" were present. Assuming that the codeine here was in a medical preparation within the exemption of § 286 (1), it is clear from the evidence adduced that appellant did not meet the burden imposed on him by § 298 of proving that it was within the condition of § 286 (2) (b)—that the preparation was possessed by him for the purpose of administering, dispensing or selling it in good faith as a medicine, and not for the purpose of evading the law with respect to narcotic drugs. As appellant did not fulfill the condition imposed he was not within the exemption provided.

*Judgments affirmed.*