## JOHN A. WARE, III *v.* STATE OF MARYLAND

[Nos. 41 and 42, September Term, 1971.]

*Decided November 8, 1971.*

The cause was argued before ORTH, POWERS and GIL-BERT, JJ.

*Harold I. Glaser*, with whom was *Philip D. Quint* on the brief, for appellant.

*Thomas G. Young, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City, David Si-*

*monson* and *Charles Fisher, Assistant State's Attorneys for Baltimore City*, on the brief, for appellee.

Powers, J., delivered the opinion of the Court.

Appellant, John A. Ware, III, chose to be tried by his peers in the Criminal Court of Baltimore on two indictments returned there against him. No. 1897 charged that on March 17, 1970, he kept and maintained as a common nuisance, a dwelling house at 1230 Division Street, Baltimore, (1) resorted to by narcotic drug addicts, for the purpose of using narcotic drugs, (2) used for the illegal keeping of narcotic drugs, and (3) used for the illegal selling of narcotic drugs. No. 1899 charged him with (1) possession of heroin and (2) control of heroin, also on March 17, 1970. To No. 1899 was attached an addendum warning appellant that the State intended to prosecute him as a second offender, by reason of a prior conviction of a violation of the narcotic laws. He elected a "consecutive and separate" trial by the court on the addendum.

Trial was held on October 7, 8 and 9, 1970. The jury found appellant not guilty on the first count of each indictment, but guilty on each of the other counts. After the verdict was received Judge Charles D. Harris, who was presiding, indicated, and both counsel acquiesced, that the hearing on the addendum and the proposed stetting of a third indictment should be deferred until after a motion for new trial was heard and decided. Appellant's motion was heard and denied on October 23, 1970. At that time the judge indicated that it would be preferable to withhold imposition of sentence until the addendum had been tried, and the State agreed, but appellant's counsel requested immediate sentencing. Judge Harris proceeded to impose sentences, including a sentence of three years for control of heroin, consecutive to two concurrent three year sentences on the nuisance house indictment. Thereafter, on December 9, 1970, the trial judge heard the addendum, entered a finding of

"guilty", and held sentence *sub curia* until December 29, 1970, when he imposed a sentence of five years "on the addendum", consecutive to the nuisance house sentences, and concurrent with the three year sentence for control of heroin.

Timely appeals were taken after the sentencing of October 23rd and after the sentencing of December 29th. The appeals were docketed separately here, but were briefed and argued together.

### The Separate Sentence For Being a Second Offender

Appellant does not question his conviction for control of heroin as charged in indictment No. 1899, but contends that the court erred in imposing a second sentence, after trial on the addendum, on that conviction. We are persuaded that this contention of appellant is correct. An addendum, even though it is contained in an attachment rather than in the body of the indictment, is no more than a warning to a defendant that the State intends, upon conviction of the offense charged in the indictment, to seek the imposition of a more severe punishment because of his previous conviction of the same or a related offense.

Maryland Code, Art. 27, § 300,[1] prescribed the penalties for the offense charged against appellant in indictment No. 1899. The penalty was greater for a second offense (5 to 10 years) than for a first offense (2 to 5 years). The sentences were alternative; either one, as appropriate, could be imposed, but by no interpretation could § 300 be said to authorize the imposition of two sentences for conviction of one offense. The punishment (greater or lesser) is for the new crime only. *Garrigan v. Superintendent,* 218 Md. 662, 146 A. 2d 431.

The Court of Appeals dealt fully with the subsequent offense aspect of a criminal charge in *Beard v. State,* 216 Md. 302, 140 A. 2d 672, a case which led to the adop-

---

1. Although § 300 was repealed effective July 1, 1970, before the trial, it was in effect at the time of the offense, and was thus applicable in this case. Art. 27, § 302 (a) as enacted by Chapter 403, Acts of 1970; *Oberlin v. State,* 9 Md. App. 426, 435, 265 A. 2d 275.

tion of Maryland Rule 713, effective January 1, 1962. *Torres v. Warden*, 227 Md. 649, 175 A. 2d 594. Rule 713 prescribes the procedure to be followed in a case where a greater punishment is prescribed for a second or subsequent conviction. The accused may elect that the issue of whether or not he is a second or subsequent offender be tried concurrently with the trial for the current offense, or that the issue be determined separately after the verdict on the current offense. Also, he may waive a jury for determination of that separate issue, even though the current offense is tried before a jury. The second proceeding is not a trial of guilt, but the determination of an issue. That issue is simply the historical fact of a prior conviction and the identity of the defendant as the person so convicted.

In *Simmons v. State*, 8 Md. App. 355, 259 A. 2d 814, where the trial judge had found Simmons guilty of the current offense and subsequently had found him "guilty" as a second offender, and had imposed two concurrent five year sentences, we said, at page 369:

> "It is clear that Md. Code, Art. 27, § 300 authorizes only one sentence. The punishment is not for being a subsequent offender. It is for the new crime only, but is heavier if the defendant has theretofore been convicted as designated. * * * However, as the sentences were imposed to run concurrently, appellant was not harmed."

We noted in *Reid v. State*, 10 Md. App. 6, 267 A. 2d 332, that it was error to impose separate sentences, even though concurrent, on the current offense and on an addendum, but the point was not raised in that appeal, and no harm was shown.

In both *Simmons* and *Reid* the finding on the subsequent offense issue was made before any sentence was imposed. In each, one sentence, and only one, was proper. In each, the imposition of two sentences was error, even

though they were imposed at the same time, but since they were concurrent, we said the error did no harm.

We cannot say the same here. There is no such thing as a sentence "on the addendum". When the sentence of three years was imposed on October 23, 1970 for the offense charged in indictment No. 1899, there had been no finding on the second offender issue, and the sentence was a legal one. It exhausted the trial judge's power to punish for that offense, subject only to his power of revision as provided in Maryland Rule 764. Whether the power to revise could have been exercised is not before us.

The sentence of five years imposed on December 29, 1970, "on the addendum" was illegal, and we shall vacate it.

### Sufficiency of the Evidence

Appellant also contends that his motion for judgment of acquittal on the nuisance house charge in indictment No. 1897 should have been granted, and as a subsidiary point that the court erred in admitting certain evidence supporting that charge. We shall first consider the alleged error in admitting testimony in evidence.

Officer John Lewis testified that on March 12, 1970, at about 10:45 P.M., he met with an informant, and after searching the informant and ascertaining that he had no money and no personal property on his person, and after giving the informant $5.00 and instructing him, watched him walk up the steps of 1230 Division Street and knock on the front door. Officer Lewis was watching through binoculars from one half a block away. He said Alicia Ware opened the door and engaged in a brief conversation with the informant. Shortly thereafter, a car operated by appellant turned from Dolphin Street into Division Street and stopped in front of the house at 1230, about eight or ten feet from the front door, down the steps and across the sidewalk. The informant walked to the car, spoke to appellant, and gave him what appeared to be the $5.00 bill. Appellant gave the informant "something" which he placed in his left jacket pocket. The car

pulled away and the informant walked back and met Officer Lewis, who had never lost sight of him. The officer took a glassine bag from the informant's left jacket pocket. The bag contained heroin.

Appellant argues, without any citation of authority, that since using the automobile for selling or keeping narcotics may make the automobile itself a nuisance house under the statute, the transaction involving the sale made from the automobile in front of the house should not have been admitted in evidence on the charge of maintaining the dwelling house as a common nuisance. We think that the evidence was material to the charge being tried because of the relevant inferences supported by it, and that the ruling of the court on its admissibility was correct.

It is contended that there was no proof of scienter, although such proof is necessary to support a conviction for keeping a house for the purpose of selling and storing narcotics, *Pettiford and Berry v. State,* 8 Md. App. 560, 261 A. 2d 216.

The police entered the premises with a search and seizure warrant which called for appellant's arrest. He was in the house at the time, although the evidence showed that he did not live there. His niece, Alicia Ware, whom he called as a witness, did live there, apparently with a friend, Harold Johnson. Her testimony clearly showed that the house was used for keeping and selling narcotic drugs. Appellant denied any connection with the house, except that he was visiting his niece. When the police entered, appellant, who was downstairs, ran upstairs, which provided no exit, but where the police found narcotics and paraphernalia.

The test of whether this evidence was sufficient to submit to the jury is "whether the evidence either shows directly or supports a rational inference of the facts to be proved, from which the trier of fact could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged." *Williams and McClelland v. State,* 5 Md. App. 450, at page 459, 247 A. 2d 731.

The lower court was not in error in denying the motion for judgment of acquittal.

*Judgments in indictment No. 1897 affirmed.*

*Judgment in indictment No. 1899 affirmed, but sentence "on the addendum" vacated.*