DAVID WAYNE DODSON *v.* STATE OF MARYLAND

[No. 440, September Term, 1971.]

*Decided February 15, 1972.*

The cause was argued before ORTH, MOYLAN and POWERS, JJ.

*Thomas B. Yewell,* with whom were *Haislip & Yewell* on the brief, for appellant.

*Josef E. Rosenblatt, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Eugene Muskus, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

A jury in Prince George's County found appellant guilty of murder in the first degree and guilty of robbery. To its verdict finding appellant guilty of murder, the jury added the words "without capital punishment". Sentences of life imprisonment and of ten years, consecutive to the life sentence, were imposed, and this appeal was taken.

The only contention made here is that appellant is deprived of the equal protection of the laws by an anomaly in the statutes in Maryland relating to sentencing. The pertinent statutes are Code, Art. 27, §§ 413 and 643.

Section 413 prescribes the penalty for first degree murder. As last enacted by Chapter 214, Laws of Maryland, 1916, it provides that, "Every person convicted of murder in the first degree, his or her aiders, abettors and counsellors, shall suffer death, or undergo a confinement in the penitentiary of the State for the period of their natural life, in the discretion of the court * * *." The 1916 amendment added the provision that the jury, in rendering its verdict, "* * * may add thereto the words 'without capital punishment', in which case the sentence of the court shall be imprisonment for life * * *." [1]

---

1. There was no provision for the jury to add the qualifying words, or to limit the power of the sentencing judge, in the penalty statute before 1916. It was not contained in the then last previous enactment in Chapter 115, Laws of Maryland, 1908.

Section 643, enacted by Chapter 536,[2] Laws of Maryland, 1906, and unchanged since that time, provides:

> "In all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the judge of the Criminal Court of Baltimore and the several judges of the circuit courts of the counties may, in lieu of the minimum penalty so prescribed, impose a less penalty of the same character; provided, however, that nothing herein contained shall be construed as affecting any maximum penalty fixed by law, or the punishment for any crime where the law provides one and only one penalty."

Appellant argues that when a jury returns a verdict of guilty of murder in the first degree, without any qualifying words, the trial judge, under § 643, may impose a lesser sentence than that prescribed in § 413, such as a term of years. But, he argues, when the jury adds to its verdict words indicating that leniency should be shown, the judge has no alternative but to impose a life sentence. In that way, he says, he is denied his constitutional right to the equal protection of the laws, and the application of the penalty statute to him is unconstitutional.

The anomaly appellant attempts to set up is not real, but fancied.

In *Woodfork v. State,* 3 Md. App. 622, 240 A. 2d 314, Chief Judge Murphy, speaking for this Court, said, at pages 624 and 625:

> "In *Robertson v. Warden,* 212 Md. 646, it was held that Section 643 'would only be controlling in the case of laws existing at the time of its adoption [in 1906], although it might per-

---

2. Incorrectly noted as Chapter 563 at the end of Section 643 as it appears in 1971 Replacement Volume 3, Annotated Code of Maryland.

haps be given effect as to subsequently enacted laws by construction.' To the same effect, see *State v. Fisher*, 204 Md. 307. As the narcotics laws which appellant was convicted of violating were first enacted in 1935 (see *Rosemary Jones v. State*, 3 Md. App. 616), the provisions of Section 643 would not be applicable to such offenses unless we could, by construction of the pertinent statutes, conclude that the Legislature intended the provisions of that Section to be applicable to sentencing under Section 300."

We are of the opinion that the Legislature, in prescribing the penalty for first degree murder in 1916, did not intend to prescribe a maximum and a minimum (which would contemplate a range in between), but intended to prescribe two alternative penalties, each fixed by the Legislature itself, without committing to the trial judge any discretion except a choice between the two, with that choice available only when not precluded by the jury's verdict.

*Judgments affirmed.*