STATE of Missouri, Respondent,

v.

Hubert DECKARD, Appellant.

No. 53480.

Supreme Court of Missouri,
Division No. 1.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Willard B. Bunch, Kansas City, Chief Defender, of counsel.

WELBORN, Commissioner.

Appellant Hubert Deckard was indicted on January 25, 1967 by a Jackson County Grand Jury for selling heroin. The indictment charged that the offense occurred on November 19, 1965.

On June 7, 1967, Deckard appeared in the Jackson County Circuit Court and pleaded guilty to the charge. Four other charges pending against him were dismissed at that time. A pre-sentence investigation was ordered.

On July 17, 1967, Deckard, represented by counsel other than that at the plea of guilty, filed a motion to set aside his plea of guilty and to dismiss the charge on the grounds that the unwarranted delay from the time of the alleged offense to the filing of the charge violated his right to a speedy trial under federal and state constitutional guaranties.

The motion was heard on July 20, 1967. The defendant did not testify. The facts of the sale on November 19, 1965 and the indictment on January 25, 1967 were stipulated. It was agreed that the sale had been made to one Gilkey, an informant who made the purchase at Deckard's house; that Gilkey had testified on deposition a few days prior to the hearing that he had also bought heroin from Deckard in March, 1966, and again in May, 1966.

An agent of the Bureau of Narcotics, called as a witness by the state, testified that he participated in the investigation of Deckard's activities; that Gilkey was an informer for the Bureau; that the delay in the filing of the charges against Deckard was because the earlier arrest of Deckard would have jeopardized other investigations pending in the district.

On July 21, 1967, the judge overruled the motion to withdraw the plea, stating that the defendant had shown no prejudice by reason of the delay. The court then proceeded to sentence defendant to ten years' imprisonment. When asked by the court whether or not he had any legal cause to show why sentence should not be pronounced, Deckard stated: "Yes, sir, I would like to state the State delayed after so long an alleged crime in arresting me and filing the charges. That it is impossible for me to remember what I was doing on 19, November, '65. So I could not prepare a defense. That is the reason why I pleaded guilty to the charge."

Subsequently Deckard filed a motion under Supreme Court Rules 27.25 and 27.26, V.A.M.R., seeking to set aside his conviction. The ground for relief alleged was that the filing of charges against him had been delayed so long after the date of the offense that defendant could not prepare a defense.

At the hearing on the motion Deckard was present and was represented by the attorney who had represented him on the previously overruled motion to withdraw the plea of guilty. No evidence was offered on the motion. In presenting the motion, counsel referred to the stipulation in the earlier proceeding that the offense alleged-

ly occurred on November 19, 1965 and the indictment was filed January 25, 1967. The court stated that it was agreed that "the Court would take those facts as true in connection with your earlier motion to withdraw his plea." Counsel stated that was all the movant had to offer and stated that he was relying on "the opinion from the Circuit Court of Appeals to the District of Columbia." Apparently the reference was to Woody v. United States, 125 U.S.App. D.C. 192, 370 F.2d 214, which had been referred to in the prior proceeding.

The court then summarized the findings shown by the record and concluded "as a matter of law that the cause was instituted within the statute of limitations applicable to this cause and that Defendant's constitutional right to a speedy trial was not denied." Without objection to the trial court's finding, this appeal followed.

Appellant's contention on this appeal is that the 14-month delay in his arrest following the offense violated his right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States, applicable to the states through the Fourteenth Amendment, and by Art. I, § 18(a) of the Constitution of Missouri, 1945, V.A.M.S., and denied him due process of law under the Fifth Amendment to the Constitution of the United States. Appellant alleges that for such reason the trial court erred in overruling his motion to set aside the plea of guilty, his motion to dismiss the indictment and his motion under Rule 27.26, supra.

■ We are here concerned only with the second motion. No appeal was taken from the overruling of the motion to set aside the plea of guilty or to dismiss the indictment filed prior to sentencing. At the hearing on the second motion, although the defendant was present, no testimony was offered in support of the motion. There was no stipulation that the proceedings on the prior motion to withdraw the plea might be considered on the second motion. The only stipulation was to the dates of the alleged offense and of the indictment. The trial court ruled the matter as one of law. No request was made that the trial court reconsider its determination on that basis. Thus the appeal before us is limited to the record on the second motion and the trial court's conclusion on a matter of law. No factual determinations of the trial court are before us for review.

Appellant is seeking relief under a doctrine which appears to have originated in the courts of the District of Columbia. Ross v. United States (1965), 121 U.S.App.D.C. 233, 349 F.2d 210, is one of the early cases which recognized that, without regard for the statute of limitations, a delay between the offense and the arrest may so prejudice the defendant as to constitute either deprivation of right to a speedy trial or of liberty without due process of law. In Ross, a narcotics violator whose arrest was seven months after the offense, who made a plausible claim of inability to recall events of the day of the offense, and whose conviction was based solely upon the recollection of one undercover police officer, refreshed by a notebook, was ordered discharged. A conviction in such situation would have offended the Fifth Amendment. 349 F.2d 216.

Woody v. United States (1966), 125 U.S. App.D.C. 192, 370 F.2d 214, relied upon by appellant in the trial court and on this appeal, involved a four-month delay between a narcotics sale and the arrest. Two judges of the court of appeals agreed that "a delay of four months is not so unreasonable as to warrant reversal absent special circumstances." 370 F.2d 217. They found "special circumstances" although they did not agree on just what circumstances required reversal of the conviction. Then Judge (now Chief Justice) Burger dissented on the grounds that no prejudice by reason of delay had been shown. He asserted that Ross should "be read restrictively since it represents the outer limit of burdens placed on the prosecution of narcotics peddlers." 370 F.2d 222.

The Ross doctrine has had varying degrees of acceptance in other federal and state courts. See United States v. Milstein (1968) 7th Cir., 401 F.2d 51, 54 [5]; United States v. Deloney (1968) 7th Cir., 389 F.2d 324, 325; Benson v. United States (1968) 9th Cir., 402 F.2d 576, 580 [3]; McConnell v. United States (1968) 5th Cir., 402 F.2d 852. To this list may be added other cases cited and relied upon by appellant: Chapman v. United States (1967) 2nd Cir., 376 F.2d 705; Lucas v. United States (1966) 9th Cir., 363 F.2d 500; United States v. Feinberg (1967) 2nd Cir., 383 F. 2d 60; United States v. Hauff (1968) 7th Cir., 395 F.2d 555. Worthy of note is that, except for Woody, supra, in none of those cases cited by appellant did the defendant succeed on the basis of a claim similar to that here advanced.

The Eighth Circuit took note of Ross in Terlikowski v. United States (1967), 379 F. 2d 501, 505. Factual differences were found to preclude the application of the Ross doctrine. The court expressly rejected any intended implication "that an inordinate or prejudicial delay between an offense and prosecution could not constitute a denial of due process." Id.

State cases include: State v. Midell, 40 Wis.2d 516, 162 N.W.2d 54, 56 [1]; State v. Rountree, 106 N.J.Super. 135, 254 A.2d 337; State v. Hodge, 153 Conn. 564, 219 A.2d 367; People v. Hernandez, 15 Mich. App. 141, 170 N.W.2d 851; Jones v. State, 3 Md.App. 616, 240 A.2d 790.

No case cited by appellant and none which we have found considered the question upon a collateral attack of a conviction. D'Ercole v. United States (1966) 2 Cir., 361 F.2d 211, cert. den. 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454, held that such a claim may not be raised by collateral attack. That position was reiterated in Chapman v. United States, supra, cited and relied upon by appellant.

However, in view of the trial court's expression of opinion at the time of sentencing that the defendant had no right to appeal the sentence imposed upon him and that his remedy was under Supreme Court Rule 27.26, V.A.M.R., we will not dispose of this case on the grounds of nonavailability of the remedy.

■ Considering the merits of the judgment of the trial court, we conclude that it was not erroneous. No case cited by appellant and none found by us holds that a mere delay between offense and arrest, short of the period of limitation for the offense involved, deprives a court, as a matter of law, of jurisdiction to proceed in the case and requires dismissal of the indictment or information. A concise summary of the basic holding in the cases which have considered this question is found in United States v. Scully (1969) 2 Cir., 415 F.2d 680, 683 [2-5]:

"* * * [A]ppellant has not sustained his burden and has not shown that 'the delay has so impaired his capacity to prepare a defense as to amount to an infringement of his right to a speedy trial or a denial of due process.' United States v. Capaldo, 402 F.2d 821, 823 (2 Cir. 1968). A delayed arrest does not in and of itself deny any constitutional rights. The Statute of Limitations is a citizen's primary guarantee protecting him from having to answer overly stale criminal charges. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). *If one is arrested within the time limits imposed by the applicable Statute of Limitations it is incumbent upon him to show that he suffered some significant prejudice as a result of any delay in the making of the arrest.* * * *" [Emphasis supplied.]

On the hearing under review, appellant presented no evidence whatsoever that the delay to which he objects prejudiced him. Even if his volunteered statement upon his sentencing is considered, it, standing alone, does not constitute a showing of "substantial prejudice." The conclusory statement would not be sufficient to carry the burden placed upon the defendant to show the nature of the prejudice claimed. Unit-

ed States v. Coppola (1969) D.C., Conn., 296 F.Supp. 903, 905 [5–7].

Judgment affirmed.

HOUSER, C., not sitting.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HOLMAN and BARDGETT, JJ., concur.

SEILER, P. J., concurs in result in separate concurring opinion filed.

SHANGLER, Special Judge, concurs in result and concurs in separate concurring opinion of SEILER, P. J.

SEILER, Presiding Judge (concurring in result).

As Mr. Justice Brennan said in his concurring opinion in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26, a case which discharged a Florida prisoner because of the state's failure to bring him to trial, " * * * although * * * the right to a speedy trial is 'one of the most basic rights preserved by our Constitution,' a guarantee 'as fundamental as any of the rights secured by the Sixth Amendment', id., at 223, 87 S.Ct. at 993, we have yet even to trace its contours * * *."

I concur in the result reached here, but not in the implication that where the prosecution is commenced within the statute of limitations, it necessarily follows the defendant has the burden of showing specific prejudice from the delay. Some offenses have no statutes of limitations, and in others circumstances may be such that the delay itself is sufficient to support an inference of substantial prejudice. As pointed out in

the Ross case, 349 F.2d 210, l. c. 215: " * * * In a very real sense, the extent to which he was prejudiced by the Government's delay is evidenced by the difficulty he encountered in establishing with particularity the elements of that prejudice."

The main opinion reviews this case under Rule 27.26 and I think this is proper. I do not agree in the implication there is doubt whether a claim of denial of speedy trial can be reached under Rule 27.26. In my opinion, we should not rule such a claim can be made only at time of trial, although there may well be situations where the failure to make such a claim earlier would be difficult for defendant to explain away when he seeks relief and has a hearing under Rule 27.26. Rule 27.26 states in so many words that it is for sentences claimed to be imposed in violation of the state and federal constitutions. Certainly a sentence imposed where defendant was denied a speedy trial would fit this.