**STATE of Missouri, Respondent,**

v.

**Ray YORK, Appellant.**

**No. 58129.**

Supreme Court of Missouri,
Division No. 1.

July 22, 1974.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

Donald R. Tharp, Platte City, for appellant.

HIGGINS, Commissioner.

Ray York was convicted by the court following jury-waived trial of attempting to obtain money by means of a bogus check. His punishment was assessed at three years' imprisonment, and sentence and judgment were rendered accordingly. Rule 26.01, V.A.M.R.; § 561.450, RSMo 1969. Appellant asserts presence of questions involving construction of the Constitutions of the United States and Missouri. Jurisdiction on that ground is questionable; however, the case, pending since October 9, 1972, has been retained for decision in the interest of conserving time. See order, Supreme Court en banc, April 9, 1973.

Appellant does not question the sufficiency of evidence to sustain his conviction; and the court reasonably could find that on October 14, 1969, Ray York attempted to obtain $175.85 from E. H. Young d/b/a Riverside Red X, Riverside, Platte County, Missouri, by presenting a check stolen from Industrial Battery Service Company purportedly drawn in favor of and endorsed by Ronald Wilson. State v. Fraley, 369 S.W.2d 195 (Mo.1963).

Nor does appellant assert any error in his trial. His complaints are limited to assertions of failure to accord him a speedy trial.

In October, 1969, a felony complaint (Rule 21.08) was filed in the Magistrate Court of Platte County, Missouri, charging Ray York with attempting to obtain money by means of a bogus check. He was arrested and posted bond. While on bond he left Missouri and was later arrested in Cook County, Illinois, and returned to the United States Penitentiary at Leavenworth, Kansas, arriving there March 27, 1971, to serve until February 19, 1974, the remainder of a federal sentence from which he had been previously paroled.

On May 5, 1971, the federal penitentiary acknowledged receipt of warrant No. 27443 for Ray York from the Sheriff of Platte County, Missouri, dated November 18, 1969, on the charge of forgery.

On May ____, 1971 (presumably May 5, 1971), Ray York wrote to the "Circuit Attorney," Platte County, Platte City, Missouri:

"Dear Sir:

"This is in regards to the warrant-detainer filed against me by the Platte County Sheriff's office for the offence of forgery. I wish to have the pending charges against me disposed of in any manner that would be convenient and benificial to all parties concerned. I wish, for reasons I will explain, to have the charges dismissed and the warrant withdrawn.

"I'm sure the record will show that I was addicted to and a heavy user of drugs at the time of my arrest. * * * Recently the Bureau of Prisons and the United States Public Health Services have begun a vocational-psychological rehabilitation program for drug offenders. * * *

" * * * I believe it will be of great benifit to me. I've spoken with my caseworker about this and it is his

feeling that my chances for acceptance to this program is not good because of the detainer from Missouri. * * *

"It is important to me that I get accepted for this program. The only way is to have the charge in Platte City disposed of in some manner. I would appreciate your assistance and every consideration you can give in this matter."

On May 21, 1971, the prosecuting attorney wrote in reply to the foregoing letter: "I am sorry that I am unable to dismiss the pending Platte County charge against you."

On December 27, 1971, Ray York acknowledged receipt from the federal penitentiary of form "Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition." This notice, pursuant to the federal Agreement on Detainers, 84 Stat. 1397, enacted December 9, 1970, effective 90 days thereafter (March 9, 1971) [1], advised Ray York of the existence of warrant No. 27443, his right to request the prosecuting officer and the appropriate court that a final disposition be made of any pending indictment, information, or complaint, and that he must be brought to trial within 180 days after receipt of such notice and request.

On March 27, 1972, the federal penitentiary forwarded to the Prosecuting Attorney and Magistrate Court of Platte County, Missouri, Ray York's formal "Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints," pursuant to the Agreement on Detainers, 84 Stat. 1397, §§ 222.160–22.220, RSMo 1969.

On July 5, 1972, in the Magistrate Court of Platte County, Missouri, Ray York filed Motion to Dismiss "on constitutional grounds" all charges pending against him. The motion was overruled July 7, 1972.

On September 1, 1972, pursuant to the Agreement on Detainers, Ray York was delivered by the federal penitentiary to the Sheriff of Platte County for preliminary examination on felony complaints for which warrant No. 27443 had been issued.

On September 5, 1972, Ray York was arraigned in the magistrate court, and Mr. Donald R. Tharp was appointed as counsel for defendant.

On September 13, 1972, preliminary examination was accorded Ray York on the pending complaints. Two complaints were dismissed by the State, and defendant was ordered held for trial in the Circuit Court of Platte County on the third complaint.

On September 14, 1972, information on the aforesaid complaint was filed in the Circuit Court of Platte County, Missouri; defendant was arraigned; a plea of not guilty was entered; and trial was set for September 22, 1972.

On September 18, 1972, defendant filed his Motion to Dismiss on grounds of failure to accord his constitutional right to a speedy trial and violation of his rights under the Agreement on Detainers. On the same date a hearing on the motion was accorded, after which the court denied the motion.

On September 22, 1972, defendant waived jury trial and renewed his Motion to Dismiss. The motion was overruled, trial was to the court sitting as a jury, and defendant was found guilty as charged.

Defendant's after-trial motions, including renewal of the Motion to Dismiss, were duly heard, considered, and overruled, after which allocution was granted and defendant was duly sentenced.

Appellant contends (I) that the time elapsed between May 5, 1971, when he wrote the prosecuting attorney from the federal penitentiary, and his trial September 22, 1972, violated his right to a speedy trial and denied him due process of law

---

1. Missouri adopted the Agreement on Detainers, Laws 1971, effective June 21, 1971, by which Chapter 222, RSMo 1969, Rights of Convicts, was augmented by Sections 222.-160–222.265, and Sections 222.080, 222.100, 222.110, and 222.120, were amended.

under Amendments VI and XIV, United States Constitution, and Article I, Section 18(a), Constitution of Missouri, 1945, V. A.M.S.

Appellant recognizes, citing United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), that the right to a speedy trial is relative and depends on the circumstances present in each case.

With respect to Point I, the governing circumstances and incidents are:

October 1969 - felony complaint filed.

September 13, 1972 - preliminary hearing accorded on the complaint.

September 14, 1972 - Information filed following the preliminary hearing on the complaint.

September 22, 1972 - trial accorded on the information.

■ Appellant's constitutional right to a speedy trial arose only after the information was filed and he was tried within eight days thereafter. The constitutional provisions he would invoke do not apply to pending complaints which represent only a possibility that a criminal indictment or information will be filed. State v. Caffey, 438 S.W.2d 167, 171[1, 2] (Mo.1969); State ex rel. Brooks v. Bone, 473 S.W.2d 681, 682[1] (Mo.1971); State v. Strong, 484 S.W.2d 657, 660[2–4] (Mo.1972); Billings v. State, 503 S.W.2d 57, 61[12] (Mo.App.1973).

Defendant's constitutional right to a speedy trial was not violated by the eight-day lapse of time from September 14 to September 22, 1972.[2] A different result may obtain where an inordinate delay occurs after indictment or information filed and trial thereon. See discussion State v. Endres, 482 S.W.2d 480 (Mo.1972). See also Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Klopfer v.

North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

Appellant contends (II) that he requested the State to bring him to trial pursuant to the "Uniform Mandatory Disposition of Detainers Law" (§§ 222.080, 222.160, 84 Stat. 1397, supra); that he was not brought to trial within 180 days after his request as there required, and since more than 180 days lapsed before trial after his request for trial, the court had no jurisdiction over him.

With respect to this point, the governing dates are:

March 27, 1972 - defendant's notice request for disposition of pending complaint, indictment, or information forwarded to Prosecuting Attorney and Magistrate Court of Platte County (presumably received at the earliest, March 28, 1972).

September 13, 1972 - preliminary hearing accorded on the complaint.

September 22, 1972 - trial accorded on the information.

March 28, 1972, was the 88th day of the year; September 22, 1972, was the 266th day of the year. So defendant was brought to trial two days within the required 180 days for disposition by trial of the complaint against him.

■ Appellant argues that his letter of May (5), 1971, was the necessary request to invoke the provisions of Sections 222.-080 and 222.160, supra. This argument fails for two reasons.

First, the letter is ambiguous and its sense is a "wish * * * to have the charges dismissed and the warrant withdrawn" in hope of acceptance in a vocational-psychological rehabilitation program for drug offenders. It was so interpreted by the prosecuting attorney in reply, and

---

2. Defendant "does not argue that the delay in bringing him to trial impaired his ability to defend himself or that it denied him a proper

and fair defense or that his defense at trial was prejudiced thereby."

defendant made no move to clarify or further state his position until March 27, 1972, when he forwarded his formal notice and request for disposition.

Second, if the letter had been sufficient to notify of a request for disposition under the Agreement on Detainers, it would have not conveyed that sense to the Prosecuting Attorney of Platte County in May, 1971, because Missouri had no Agreement on Detainers with the United States at that time, and not until enactment of Sections 222.160–222.220, effective June 21, 1971, would Missouri have been able or obliged to secure a federal prisoner for trial under the Agreement.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS C., is adopted as the opinion of the Court.

All of the Judges concur.