STATE of Missouri, Respondent,

v.

Jim ODZARK, Appellant.

No. 9934.

Missouri Court of Appeals, Springfield District.

Jan. 8, 1976.

**46**

John C. Danforth, Atty. Gen., K. Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

J. Miles Sweeney, Johnson & Sweeney, Springfield, for appellant.

Before BILLINGS, C. J. and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

In a jury-waived trial the defendant was found guilty of carrying a concealed weapon (pistol) in violation of § 564.610, RSMo 1969, and sentenced to a term of three years in the custody of the Department of Corrections. Contending he was denied a speedy trial and the evidence failed to establish concealment of the weapon, defendant prosecutes this appeal. We affirm.

In the main, the facts giving rise to the instant charge are set forth in *State v. White,* 529 S.W.2d 22 (Mo.App.1975), and will not here be repeated. Suffice to say that defendant was present October 17, 1973, when undercover narcotic agents purchased a large quantity of marijuana from Dan Gullet and Jud White and a search of defendant resulted in the removal of a short-barreled, fully-loaded .38 caliber pistol from the waistband of his trousers.

Gullet, White and the defendant were charged with violating the Narcotic Drug Act, but that charge against the defendant was subsequently dismissed. Thereafter, on May 6, 1974, a felony complaint for carrying a concealed weapon was lodged against the defendant and he was arrested.

Following a preliminary hearing, defendant was charged in this case by an information filed June 6, 1974. On the latter date defendant was arraigned and entered a plea of not guilty. On July 3, 1974, the defendant filed "motion to quash and dismiss information", assigning as grounds the state's delay between the time the weapon was found on him and the date the present charge was initiated. He alleged, inter alia, his constitutional rights to a speedy trial and due process had been abridged. Defendant's motion for change of judge was sustained October 4, 1974. An evidentiary hearing was conducted on his "motion to quash and dismiss information" on November 11, 1974, and it was denied. The court set the case for trial November 13, 1974, but at defendant's request it was reset and held on December 13, 1974.

We first consider defendant's point that the nearly seven-month delay between the time the officers found the pistol on his person and his arrest on the weapon charge violated his right to a speedy trial as guaranteed by both the Federal and Missouri Constitutions.[1]

The right to a speedy trial as insured by the Sixth Amendment of the United States Constitution was ruled applicable to state prosecutions, by way of the Fourteenth Amendment, in *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). Missouri's guarantee of the right to a speedy trial was first embodied in the Constitution of 1820 [Art. XIII, Sec. 9] and is now found in Art. I, Sec. 18(a), Constitution of 1945.

In addition to the speedy trial provisions contained in the Federal and Missouri Constitutions, the General Assembly of this state has further implemented the right to a speedy trial by enacting general and special statutes of limitations for criminal cases. Thus, for felonies other than capital

offenses and bribery or corruption in office, § 541.200, RSMo 1969, prescribes a three-year limiting period between the commission of an offense and indictment or information. And once prosecution is initiated, §§ 545.890, 545.900 and 545.920, RSMo 1969, limit the number of court terms trial of the case can be delayed by inaction of the state.

The difficulty inherent in defendant's contention in this case, that the delay between the offense and his arrest on the charge abridged his speedy trial right, is that neither the United States Supreme Court nor our Supreme Court has given the broad interpretation to the speedy trial guarantee defendant suggests.

The issue was squarely presented in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and the court held the right to a speedy trial did not extend to the period prior to arrest. "[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment." 404 U.S. at 320, 92 S.Ct. at 463.

The Missouri Supreme Court considered the identical contention in *State v. Deckard,* 459 S.W.2d 342 (Mo.1970), and after reviewing various federal and state decisions concluded "No case cited by appellant and none found by us holds that a mere delay between offense and arrest, short of the period of limitation for the offense involved, deprives a court, as a matter of law, of jurisdiction to proceed in the case and requires dismissal of the indictment or information. A concise summary of the basic holding in the cases which have considered this question is found in *United States v. Scully* (1969) 2 Cir., 415 F.2d 680, 683[2–5]:

---

1. The Sixth Amendment to the United States Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . .."

Missouri Constitution Art. I, § 18(a), provides "That in criminal prosecutions the accused shall have the right to . . . a speedy public trial . . .."

" ' * * * [A]ppellant has not sustained his burden and has not shown that "the delay has so impaired his capacity to prepare a defense as to amount to an infringement of his right to a speedy trial or a denial of due process." *United States v. Capaldo*, 402 F.2d 821, 823 (2 Cir. 1968). A delayed arrest does not in and of itself deny any constitutional rights. The Statute of Limitations is a citizen's primary guarantee protecting him from having to answer overly stale criminal charges. *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). *If one is arrested within the time limits imposed by the applicable Statute of Limitations it is incumbent upon him to show that he suffered some significant prejudice as a result of any delay in the making of the arrest.* * * * ' [Emphasis supplied.]" 459 S.W.2d at 345.

Our Supreme Court has also ruled that the constitutional right to a speedy trial has no application until a criminal prosecution is commenced by either indictment or information. *State v. York*, 511 S.W.2d 758 (Mo. 1974); *State v. Caffey*, 438 S.W.2d 167 (Mo.), cert. denied, 396 U.S. 853, 90 S.Ct. 114, 24 L.Ed.2d 102 (1969).

█ Under the Federal Constitution the defendant's right to a speedy trial did not arise on the weapons charge until he became an accused as a result of that arrest. "The appellant's Sixth Amendment right to a speedy trial was not denied, since that protection is not triggered until a criminal suspect becomes an 'accused,' either by arrest or indictment." *United States v. Jackson*, 504 F.2d 337, 338–339 (8th Cir. 1974), cert. denied 420 U.S. 964, 95 S.Ct. 1356, 43 L.Ed.2d 442 (1975).[2]

In his brief herein the defendant has placed considerable reliance on *Ross v. United States*, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965), in asserting the prearrest delay violated his constitutional rights.

In *Ross*, a majority of the court concluded the prearrest delay resulted in prejudice to the defendant and violated the due process provision of the Fifth Amendment. The dissent charged the principal opinion erroneously undertook to weigh the evidence and supervise the police in their conduct of an investigation. The doctrine espoused in *Ross* was reviewed at length by our Supreme Court in *State v. Deckard*, supra, and commented upon by the Eighth Circuit Court of Appeals in *United States v. Jackson*, supra. The *Ross* opinion was written prior to the United States Supreme Court decision in *United States v. Marion*, supra, which withheld the operation of the Sixth Amendment until the point of accusation, either by arrest or indictment.[3] "There is no constitutional right to be arrested." *Hoffa v. United States*, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d 374 (1966).

**2.** In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court adopted a balancing test of the speedy trial issue which requires consideration of four factors: (1) the length of the delay, (2) the reason for delay, (3) defendant's assertion of his right to a speedy trial, (4) the prejudice to the defendant. See Unviller, *Barker v. Wingo*: Speedy trial Gets a Fast Shuffle, 72 Colum.L.Rev. 1376 (1972); A.B.A. Standards, Speedy Trial (Approved Draft, 1968); Notes, 57 Colum.L.Rev. 846 (1957); 57 Cornell L.Rev. 794 (1972); Annot., 85 A.L.R.2d 980 (1962).

**3.** The majority opinion in *United States v. Marion* in n. 8 states: "Most [federal] courts of appeals have recognized the Sixth Amendment right to a speedy trial only after a prosecution has been formally initiated or have held that the sole safeguard against pre-indictment delay is the relevant statute of limitations . . . . Some courts of appeals have stated that pre-indictment delay may be cause for dismissal, but they have seemed to treat the question primarily as one of due process (although the Sixth Amendment is occasionally mentioned) and have required a showing of actual prejudice . . . . There is a unique line of cases in the District of Columbia Circuit concerning pre-indictment delay in narcotics cases where the Government relies on secret informers and (frequently) on single transactions. These cases take a more rigid stance against such delays, but they are based on the Court of Appeals' purported supervisory jurisdiction and not on the Sixth Amendment [citing *Ross* and others]." 404 U.S. at 315, 92 S.Ct. at 461.

■ We hold the delay between the commission of the offense of carrying a concealed weapon and the defendant's arrest thereon, or the filing of the information against him, did not abridge the defendant's right to a speedy trial as guaranteed by the United States and Missouri Constitutions. If defendant's challenge to the delay be considered as claiming a violation of his right to due process under the Fifth Amendment, he fares no better since no prejudice was demonstrated by the delay. His allegations of prejudice are wholly without evidentiary support.

Defendant's remaining point is that the evidence failed to establish the element of concealment of the pistol on his person. At trial he freely admitted he was carrying the weapon but maintained the gun was stuck into the waistband of his pants in such a fashion it was not concealed from view.

■ Concealment is an essential element of the offense of carrying a concealed dangerous and deadly weapon. *State v. Tate*, 416 S.W.2d 103 (Mo.1967). The test of concealment is whether the weapon is so carried as not to be discernible by ordinary observation. *State v. Bordeaux*, 337 S.W.2d 47 (Mo.1960).

On the night in question the defendant was wearing an unbuttoned jacket over his shirt, and the bottom of the jacket extended four inches below the top of his trousers. According to the defendant he had the pistol stuck in the front waistband of his pants with a portion of the weapon clearly visible to anyone who looked. However, although the officers were in close physical proximity to the defendant during an approximate two-hour period, and had been alerted to the possibility the defendant might be carrying a weapon by reason of his remark he was "carrying heat", neither of the officers saw the pistol until he was searched following the trio's arrest for selling marijuana.[4]

■ In a jury-waived criminal case the findings of the court have the force and effect of the verdict of a jury. Rule 26.-01(b), V.A.M.R.; *State v. Daniels*, 487 S.W.2d 465 (Mo.1972). We have therefore reviewed the evidence in the same manner as though a verdict of guilty had been returned by a jury and find there was substantial evidence to support the finding. Both officers had ample opportunity to observe the defendant. By reason of the nature of the transaction the officers were embarked upon, the amount of money involved, the defendant's remark and the further fact he was a stranger to them, the undercover agents observed him with even greater care than they ordinarily used. The officers stated the weapon carried by the defendant was not visible to them and was only revealed as a result of the "frisking" and search of the defendant. The trial court obviously believed their testimony and it was sufficient to support its findings. Defendant's point is denied.

We have examined those matters required to be reviewed under Rule 28.02, V.A.M.R., and find no error.

The judgment is affirmed.

All concur.

4. Defendant admitted that none of the people present in Gullet's apartment, where the officers first met defendant that night and the marijuana sale was agreed upon, nor Gullet and White at the Fountain Plaza Apartment, where the sale was to be con-summated, commented on seeing the pistol protruding from defendant's belt "right in front" as he testified. "Q: So a whole evening that you walked around with a pistol sticking out of your belt, nobody ever said anything to you about it?" "A: No."