**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Paul Albert WOOD, Jr.,
Defendant-Appellant.**

No. 38074.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Jan. 17, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Application to Transfer Denied April
10, 1978.

**700**

Lester W. Duggan, Jr., St. Charles, for defendant-appellant.

Paul R. Otto, Bruce E. Anderson, Frank J. Murphy, Jefferson City, Keith M. Sutherland, Pros. Atty., Warrenton, for plaintiff-respondent.

GUNN, Judge.

Defendant was found to be in possession of a butcher knife discovered in a search of his person. In a jury waived trial he was convicted of a § 564.610 violation—carrying a concealed weapon. On appeal, defendant argues: (1) that the evidence was insufficient to establish he was carrying a concealed weapon; (2) that the butcher knife was not a weapon; (3) that the search was illegal; and (4) that the testimony of a State's witness should have been extirpated. We affirm.

Defendant was being held in the Warren County jail awaiting trial on a murder charge. The Warren County sheriff had obtained the assistance of the Montgomery County sheriff and a deputy to aid in guarding the defendant during the proceedings. On the second day of the trial, the Montgomery County sheriff and his deputy went to escort the defendant from his jail cell to the courtroom. After the sheriff unlocked the cell door, the deputy accompanied the defendant to the adjoining hallway. The following testimony describes the events which led to defendant's conviction and this appeal:

"Q. [Prosecutor] When you went into an adjoining hallway or room with Mr. Wood [defendant] what, if anything, did you do?

A. [Deputy sheriff] I made a physical search of Mr. Wood.

Q. All right. For what purpose?

A. For any type of weapons.

Q. And did you find any weapon on Mr. Wood when you searched him?

A. Yes, sir.

Q. And what was it that you found?

   *    *    *    *    *    *

A. (By witness) I found a butcher knife.

   *    *    *    *    *    *

Q. What did you do with this butcher knife? Excuse me. Where was this found on Mr. Wood's person?

A. Attached to his right leg.

Q. And how was it attached to his leg?

A. It had a rubber band around the handle portion and the calf of his leg.

Q. And otherwise it was loose on his leg?

A. Yes."

The Montgomery County sheriff testified that he was with the deputy at the time defendant was removed from his cell to be taken to the courtroom for the murder trial; that both the deputy and defendant were visible to him when they went into the hallway where defendant was searched; that he did not see the deputy search the defendant but that he turned when the deputy hollered at him and was handed the butcher knife taken from the defendant as a result of the deputy's search.

Defendant argues that the foregoing evidence is not sufficient to establish the necessary ingredient of concealment for defendant's conviction; we disagree. Obviously, this matter would have been much simpler if the prosecutor had interrogated as to whether the butcher knife was found under the defendant's trouser leg. The prosecutor's interrogation is therefore somewhat inelegant. But under the circumstances here, we do not believe that the prosecutor's failure to propound the specific concealment question was fatal to the State's case. In reaching this conclusion, we are guided by certain fundamental legal precepts.

In reviewing the trial court's denial of defendant's motion for judgment of acquittal, this court is to "consider as true all the evidence favorable to the state and the favorable inferences to be drawn therefrom . . . ." *State v. Sloan*, 548 S.W.2d 633, 637 (Mo.App.1977). All evidence and inferences to the contrary are to be disregarded. *State v. McNeal*, 535 S.W.2d 286 (Mo.App. 1976). The defendant would deprive the State of the basic tenet regarding reasonable inferences. We indulge the State the single, reasonable inference that the defendant was not going to appear at his trial on a murder charge with a butcher knife strapped to his leg in view for all to see.

The defendant concedes that the test of concealment is whether the weapon is carried in such manner as not to be discernible by ordinary observation. *State v. Cavin*, 555 S.W.2d 653 (Mo.App.1977); *State v. Odzark*, 532 S.W.2d 45 (Mo.App.1976); *State v. Jones*, 523 S.W.2d 152 (Mo.App. 1975); *State v. Achter*, 514 S.W.2d 825 (Mo. App.1974); *State v. Jordan*, 495 S.W.2d 717 (Mo.App.1973). It is manifest that the defendant's butcher knife was not discernible by ordinary observation if he had to be searched before the weapon was discovered. It is clear that the knife was not discernible to the peace officers who were taking defendant from his cell to court. Thus, it would be vacuous and an unreasonable inference to suggest that defendant was going to present himself for trial in the courtroom with a butcher knife in a plain view

secured to his leg. The only inference that can be drawn from the facts is that the butcher knife was in some way attached to defendant's leg to conceal it from ordinary observation, particularly as it was necessary to search the defendant to discover the knife. There has been no suggestion that the eyesight of either officer was defective, and such an inference would be unreasonable.

*State v. Odzark*, supra, offers us guidance for our position. In *Odzark*, the defendant contended that at the time he was approached by police, a gun butt was plainly visible from his trousers' waistband and that a charge of carrying a concealed weapon was not justified. Police testified that the weapon was revealed "as a result of the 'frisking' and search of the defendant." The defendant's conviction was upheld. So, too, in this case the evidence was that the discovery of the butcher knife was accomplished through the search of the defendant. See *State v. Achter*, supra, where it was held that even though a portion of a pistol was protruding from an automobile seat, it was reasonable to infer that the weapon was not discernible by ordinary observation. See also *State v. Jones*, supra, noting that a policeman apprehending a person suspected of crime would be observing the subject with more than ordinary care for the purpose of seeking weapons, and if, under such circumstances, a weapon was not seen, such weapon was not "discernible by ordinary observation" and was thereby concealed. As poignantly stated in *State v. Cavin*, supra, at 654: ". . . a weapon is not concealed simply because it is not discernible from a single vantage point if it is clearly discernible from other positions. It may be concealed, however, where it is discernible only from one particular vantage point." Here, the deputy was undertaking the specific task of checking to determine whether the defendant was armed before entering the courtroom, and a search of the defendant was necessary to reveal the butcher knife. The only conclusion to be reached from the facts of this case is that inasmuch as it took a search of

the defendant to disclose the butcher knife strapped to his leg, the knife was concealed so as not to be discernible by ordinary observation.

■ The defendant also suggests that the butcher knife was not a dangerous weapon, a fatuous argument under the circumstances here. There was sufficient evidence to support the conclusion reached by the trial court that a knife of the type carried by defendant, under the circumstances, was a dangerous and deadly weapon. *State v. Shannon*, 467 S.W.2d 4 (Mo.1971); *State v. Ellinger*, 549 S.W.2d 136 (Mo.App.1977.)

■ The defendant also contends that the search for weapons was an illegal search as it was made without a warrant, was not incident to a lawful arrest and was without probable cause. We believe defendant's argument in this regard to be untenable as the search was a permissible custodial search, reasonable under the circumstances. Such search was a reasonable and permissible security measure even though the defendant was not a convicted inmate at the time. Defendant had not yet been convicted, but he was detained in lawful custody similar to a prisoner and, thus, subject to surveillance and search. *Kansas City v. McCoy*, 525 S.W.2d 336 (Mo. banc 1975); *State v. Williams*, 486 S.W.2d 468 (Mo.1972); *State v. Darabcsek*, 412 S.W.2d 97 (Mo.1967).

■ Finally, the defendant argues that the trial court erred in failing to strike the testimony of the State's witnesses after it was determined that the prosecutor had failed to disclose an investigative report of one of the sheriff's deputies. Rule 25.45 V.A.M.R. permits the trial court to impose such sanctions as it deems just under the circumstances where there is a failure to disclose information and a failure to comply with an applicable discovery rule or order. Obviously, much is left to the trial court's discretion as to the imposition of sanctions. We find no abuse of the trial court's discretion in refusing to disallow the testimony of the State's witnesses.

Judgment affirmed.

SIMEONE, C. J., and SMITH, CLEMENS and McMILLIAN, JJ., concur.

WILLIAM H. CRANDALL, Jr., Special Judge, dissents.

KELLY, J., joins in dissent by WILLIAM H. CRANDALL, Special Judge.

WILLIAM H. CRANDALL, Special Judge, dissenting.

I respectfully dissent. I disagree with the majority which found that the evidence was sufficient to establish that the weapon which the defendant was carrying was concealed.

Generally, the test of concealment is whether the weapon is so carried as not to be discernible by ordinary observation. *State v. Bordeaux*, 337 S.W.2d 47, 49 (Mo. 1960); *State v. Crone*, 399 S.W.2d 19, 21 (Mo.1966). The issue of concealment is normally a question to be decided by the trier of fact. In this case, however, there was not sufficient evidence as to the concealment of the weapon. The only testimony relating to the question of concealment came from Deputy Sheriff Whyte, who testified that he searched the defendant, and found the knife attached to his right leg by means of a rubber band. There was no evidence that Deputy Whyte could not see the weapon when he approached the defendant, or that the weapon was not visible, or that the defendant's clothing prevented a view of the weapon. In short, the record is devoid of any further reference relating to the alleged concealment of the weapon. The inference, that because the officer searched the defendant that, therefore, the weapon was concealed is not sound logic. Such an inference would shift the burden of going forward with the evidence to the defendant to show that the weapon was not concealed.

I would therefore reverse the judgment of conviction and remand the case for trial.