STATE of Missouri, Respondent,

v.

Felix BRIGGS, Appellant.

No. KCD 29885.

Missouri Court of Appeals,
Western District.

April 2, 1979.

Clyde E. Rogers, Public Defender, Moberly, for appellant.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Felix Briggs was convicted of escape from custody, § 557.351, RSMo 1975 Supp., and sentenced to three years confinement. On this appeal Briggs contends (1) he was denied a speedy trial because of delay in serving the warrant for his arrest; (2) that he was not guilty of escape because he was not in lawful custody of the maintenance foreman; (3) a mistrial should have been declared because of a comment that a guard searching for Briggs suffered a heart attack during the search; (4) he was entitled to a mistrial because the prosecutor mentioned that he was in prison for rape; and (5) error in the verdict director instruction. Affirmed.

On August 30, 1976, Briggs was an inmate in the Department of Corrections and confined at the Missouri Training Center for Men at Moberly. Briggs had an "outside assignment" to work on the garbage and trash truck, which allowed him to leave the confines of the Training Center. On the day in question, Briggs left the Training Center with Robert Meals, a maintenance foreman employed by the Training Center, for a trip in the trash truck to the Moberly city dump, thirteen miles away. After Meals and Briggs had unloaded the truck at the dump and started back to the Center, Briggs suddenly opened the passenger door and jumped from the truck about one-half mile from the dump. Meals looked for Briggs but could not find him, so he notified the Training Center of the escape and after a four and one-half hour search conducted by the sheriff's office, highway patrol, prison personnel and a rescue squad, Briggs was found hiding in a ditch.

■ Briggs first contends he was denied a speedy trial because a complaint was filed in magistrate court on September 3, 1976, charging Briggs with escape from custody, and a warrant issued thereon but he was not arraigned in magistrate court until December 3, 1976. In this argument Briggs confuses speedy trial with speedy arrest. His real complaint is not that he was denied a speedy trial, but that he was denied a speedy arrest. This point was fully discussed in *State v. Odzark*, 532 S.W.2d 45, 47–48 (Mo.App.1976), where the court held a delayed arrest does not in and of itself deny any constitutional rights, and if an arrest occurs within the applicable statute of limitations a showing of prejudice resulting from the delay is a prerequisite to a grant of relief. Since no prejudice was shown here from the delay in making the arrest on the escape charge, for the reasons fully explained in *Odzark* Briggs is not entitled to relief on this ground.

■ Briggs next contends the State did not prove an escape from custody because the Department of Corrections had no authority in law to permit Briggs to be off State premises, and therefore at the time he jumped from the trash truck he was not in the lawful custody of anyone. Briggs overlooks the provisions of § 557.351 which states "[a]ny person sentenced to the State Division of Corrections upon conviction of escaping or attempting to escape from any state institution in which he was lawfully confined or *from the lawful custody of any . person* or willfully failing to remain within the extended limits of confinement . . ." The assistant superintendent of the Training Center testified Briggs had an outside assignment to work on the trash truck and that on the occasion of the escape Briggs was in the custody of Meals. Under these facts Briggs was in the custody of Meals within the meaning of § 557.351. Briggs apparently argues that the State had abandoned custody of him, but certainly no abandonment of custody is shown here. *Read v. United States*, 361 F.2d 830 (10th Cir. 1966).

■ Briggs next contends the court erred in refusing to declare a mistrial when Sheriff Price of Randolph County stated during direct examination that one of the guards participating in the search for Briggs suffered a heart attack during the search. The sheriff's remark came in response to a question as to his actions when Briggs was caught. The sheriff responded to this question by stating: "I told him to take him into the office, we process him, because a couple of minutes after that one of the guards had a heart attack there in the road and we called an ambulance to . . . ." Counsel for Briggs objected to matters collateral and not relevant or material to any issue in the case and requested the court to instruct the jury to disregard it. The court sustained the objection and instructed the jury to disregard the remark about what transpired with some of the personnel. Counsel then requested a mistrial be declared but the court refused. As stated in *State v. Harris*, 547 S.W.2d 473, 475 (Mo. banc 1977) the declaration of a mistrial rests largely in the discretion of the trial court and the function of an appellate court is to determine whether as a matter of law the trial court abused its discretion in refusing to declare a mistrial. Here, the court took prompt action to sustain the objection to the sheriff's purely voluntary and unexpected remark and to instruct the jury to disregard it. It cannot be said as a matter of law that the trial court abused its discretion in refusing to declare a mistrial. *State v. Harris, supra*.

■ Briggs next complains that the prosecutor told the jury in closing argument that Briggs was in custody for rape. This fact was in evidence as a part of State's Exhibit No. I, which was received without objection. It is elementary that counsel may comment in closing argument on matters in evidence and draw inferences therefrom. *State v. Treadway*, 558 S.W.2d 646, 650[5, 6] (Mo. banc 1977). Here, the prosecutor did nothing more than mention the fact that Briggs was in the Training Center because of a conviction for rape. Since this information was in evidence it was proper for the prosecutor to mention it.

Briggs finally complains of the verdict director. The court gave Instruction No. 4 which read as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 30, 1976 the Defendant was lawfully confined in Missouri Training Center for Men at Moberly a state institution of the State of Missouri having been previously sentenced to the State Division of Corrections of the State of Missouri.

Second, that on or about the 30th day of August, 1976, in the County of Randolph, State of Missouri, the Defendant escaped from the lawful custody of Maintenance Foreman Robert Meals, an employee of Missouri Training Center for Men at Moberly,

then you will find the Defendant guilty of escape from a state institution.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant not guilty of that offense.

Briggs contends the instruction "would tend to create confusion in the minds of the jury in that they might feel that they could find the appellant guilty of an escape from a state institution, if at the time the appellant left the premises with Robert Meals, he did not intend to come back with Robert Meals. Such an inference raised by the instruction would tend to lead the jury to believe that they need not find beyond a reasonable doubt that the appellant was in the lawful custody of Robert Meals and escaped from that custody, which is the only finding that can sustain the verdict under this set of facts." The brief continues by acknowledging that a person skilled in the law would realize that the inference just postulated is not correct. Neither is the inference correct as far as the average juror is concerned. The Instruction, which contains nothing pertaining to any intent of Briggs at the time he left the confines of the Training Center, is not subject to the inference urged by Briggs. The only issue submitted was whether Briggs escaped from the lawful custody of Meals. This issue was further sharpened with the converse instruction, which told the jury to find Briggs not guilty if they did not find beyond a reasonable doubt that he was in the lawful custody of Meals. The instruction is not subject to the flaw urged.

The judgment is affirmed.

All concur.