**STATE of Missouri, Respondent,**

v.

**Hanford Tony GASKIN, Appellant.**

**No. 41113.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1980.

Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, Henry Thomas, Trial Counsel, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of second degree murder. Punishment was assessed under the Second Offender Act at 60 years. We affirm.

On November 13, 1976, Rozell Claxton was conversing with his brother, Leon Claxton (decedent), on a street in St. Louis, Missouri. A bearded man wearing a dark windbreaker approached them. The man called to Leon, produced a gun and fired several shots killing Leon. Before the shots were fired, Rozell got a "good look" at the man's face. After the shots, Rozell saw the man running down the street.

The next day, Rozell was shown six photographs by police officers. He identified defendant's photograph as that of the man who shot Leon. Defendant was arrested over a year later and placed in a lineup on December 27, 1977. Although defendant had shaved his beard and changed his hair style, Rozell identified defendant in the lineup as the man who shot his brother, Leon. Rozell also positively identified defendant in court as the man who shot Leon.

At the trial, Police Officer Burgoon appeared as a rebuttal witness for the state. He testified to a statement allegedly made to him by the defendant's "common-law" wife, Essie Ringo. The statement was that the defendant was in Chicago at a point in time subsequent to the commission of the offense. Reference to this statement was made in a police report, the existence of which was previously unknown to defend-

ant. Defendant asked for a continuance of one day to study the report after he discovered its existence. However, the trial court only allowed him the time it would take to read the report.

Defendant contends that it was prejudicial error for the trial court to allow Officer Burgoon to testify to this hearsay statement because the police report which referred to the statement was not disclosed pursuant to Rule 25.32.

Defendant's point relied on has no merit. Defendant did not make a request for disclosure of the report. He specifically requested "[t]he names and last known addresses of persons whom the State intends to call as witnesses at any hearing or at any trial, together with their written or recorded statements and all existing memoranda reporting and summarizing part or all of their oral statements."

The statement objected to was made by Essie Ringo and not by Officer Burgoon. Essie was not endorsed as a witness by the state. The state was not obligated to disclose this portion of the report. Assuming that the rest of the report should have been disclosed, the trial court has discretion as to whether or not sanctions will be imposed. We find that the trial court did not abuse its discretion in this case. *See State v. Wood*, 562 S.W.2d 699, 702 (Mo.App.1978). Defendant did not object to nor move to strike the testimony because of its hearsay nature. His only claim was that he needed time to study the report. The court allowed him time to sit and read it before any further questioning of Officer Burgoon.

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.