**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Joseph TURNBOUGH, a/k/a Joseph
Richard Turnbough,
Defendant–Appellant.**

**No. 40702.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 6, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied Oct. 15, 1980.

Richard L. Geissal, Jr., Simon & Fitzgibbons, P. C., St. Louis, for defendant–appellant.

John Ashcroft, James R. Cumbee, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, for plaintiff–respondent.

STEPHAN, Judge.

Defendant Joseph Richard Turnbough appeals his conviction of the offense of carrying a concealed weapon, § 564.610, RSMo 1969. Trial was had on May 23, 1978, before the court, sitting without a jury. When the court announced the verdict, punishment was assessed at four years imprisonment. However, at the formal sentencing and after hearing evidence favorable to defendant's reputation, the court imposed a three year sentence. We affirm.

Defendant's arrest resulted from an altercation between defendant and Steven Sittingdown and Davey Crawford on September 10, 1977. The automobile in which Crawford and Sittingdown were riding apparently stalled at a stop sign on a south St. Louis street. While they attempted unsuccessfully to get it started, defendant's automobile and a Bi–State bus became blocked behind it. Sittingdown became angered when the bus driver began honking his horn, and, thinking defendant to be the obstreperous party, he got out of his car and began verbally to abuse defendant. Defendant at this point essentially tried to ignore Sittingdown. That tactic proved impractical, however, when Sittingdown subsequently removed a section of automobile exhaust pipe from the trunk of his car, returned to defendant's automobile and began to threaten defendant with it. Defendant countered by exhibiting a .38 caliber revolver (which subsequently proved to be

fully loaded) with which he threatened to strike Sittingdown. Sittingdown began to back away. Defendant exited his car, struck and knocked Crawford down and began to pursue Sittingdown around the latter's car while Sittingdown continued his invective·against defendant. At this point Officer Kenneth Weger of the St. Louis Police Department intervened. The altercation subsided when the participants saw Weger's squad car approaching. When Weger reached the scene of the disturbance, he was informed by either Crawford or Sittingdown that defendant had a gun. Weger ordered defendant to place his hands on the top of his car, frisked him, discovered the revolver and removed it from defendant's waistband.

Officer Weger was the state's sole witness at trial. He testified that he frisked defendant solely on the strength of the information received from Crawford; that defendant was wearing his shirt with the tails hanging outside his trousers; and that he, Weger, did not see the revolver until he removed it from defendant's waistband. Defendant and Sittingdown, appearing on defendant's behalf, testified that defendant stuck the revolver in the front of his waistband as Weger approached and that defendant's shirt, though hanging free, was unbuttoned and that the handle of the gun was therefore visible at all times. Defendant testified that he put the revolver in his trousers for fear that Weger would shoot him should he keep it in his hand; but that he was well aware of the consequences of concealment because of his past record [1] and that he therefore indicated to Weger upon the officer's approach that he had the revolver in his waistband. Weger denied that he was so informed by defendant. Defendant's motions for acquittal at the close of the state's case and at the close of all the evidence were denied.

◼ In his first assignment of error, defendant appears to contend that the state failed to prove beyond a reasonable doubt the requisite element of concealment. The

thrust of the argument is that there was no concealment within the meaning of the statute here because the existence of the weapon was known to all relevant parties at all relevant times: Sittingdown and Crawford learned that defendant was carrying a gun "at the very beginning of the altercation" and Officer Weger was informed of that fact immediately upon approaching the scene. The scope of our review herein is the same as that in a jury—tried case. *State v. Mares*, 570 S.W.2d 332, 333 (Mo.App.1978). We are to determine if there was substantial evidence to support the court's finding. *State v. Odzark*, 532 S.W.2d 45, 49 (Mo.App.1976). In doing so, we accept as true all evidence and all inferences reasonably drawn therefrom which are favorable to the verdict; we disregard all evidence to the contrary. *State v. Achter*, 514 S.W.2d 825, 826 (Mo.App.1974); *State v. Jordan*, 495 S.W.2d 717, 719 (Mo. App.1973).

◼ We need not consider defendant's argument that a general awareness of the existence of a weapon precludes a finding that defendant was concealing the weapon, for we do not believe the evidence supports defendant's contention that Sittingdown was aware of the weapon "at the very beginning of the altercation." According to the testimony of defendant and Sittingdown, Sittingdown first approached the driver's side of defendant's vehicle and berated defendant for a short time; he then retrieved a pipe from the trunk of his own car and returned to defendant's window; at that point he first saw a revolver in defendant's hand. Whether a weapon is concealed within the meaning of the statute is determined by whether it is discernible by ordinary observation. *State v. Cavin*, 555 S.W.2d 653, 654 (Mo.App.1977); *State v. Odzark*, supra, 49. It is concealed "upon or about" the person of defendant when it is in "such close proximity to [defendant] so as to be within his easy reach and convenient control." *Achter*, supra, 827. See also *Jordan*, supra, 720. The evidence here

1. On two previous occasions, defendant had pleaded guilty to carrying a concealed weapon and was charged in this case with one prior conviction of the offense.

supports the inference that the weapon was concealed from Sittingdown's view on his first approach to defendant, although Sittingdown was standing at the window of the automobile for some time and looking down into its interior. And although there was no evidence as to where the gun had been concealed, the record indicates that defendant was able to retrieve it, either from his person or a location in the car, in a short time without exiting the car. Cf. *Odzark*, supra. The weapon was not exhibited to Sittingdown until he had considerably escalated the altercation. If in fact the purpose of the concealment statute is, as defendant contends, to prevent an armed party from allowing an unwitting opponent to draw himself into a conflict in which he is clearly overmatched, this is precisely the situation for which the statute was written. We rule the point against defendant.

Defendant next asserts that the trial court erred in denying him leave to file a second amended motion for new trial. A verdict was returned in this case on May 23, 1978. Defendant requested and received a thirty–day extension of time in which to file a motion for new trial (beyond the ten days granted as of right), as provided in Rule 27.20(a).[2] Defendant timely filed a motion and an amended motion within the period of that extension, which expired on July 3, 1978, July 2 having been a Sunday. On July 14 defendant requested leave to file a second amended motion, which differed from the amended motion only in that defendant claimed to have discovered crucial new evidence, i. e., the identity of the bus driver who witnessed the disturbance. During the hearing on defendant's amended motion, at which time the present request to file was also considered, defendant of-

fered to prove that the driver's substantive testimony would indicate that the weapon was at no time concealed and that Officer Weger took it from defendant without having to frisk him. The court denied leave to file the second amended motion for the reason that it was not timely.

■ At the time leave was denied, the grounds on which a new trial could be granted were enumerated in Rule 27.19 and specifically included "newly discovered evidence."[3] Defendant argues that if the ground of newly discovered evidence is treated as the other grounds and is ruled to be subject to the same time strictures contained in Rule 27.20, that remedy would be effectively nullified in most cases. Defendant appears to be contending that, at least in cases in which a timely motion for new trial on other grounds has been filed, a motion based on an allegation of newly discovered evidence may be filed at any time. No authority is cited in support of this proposition and we have found none. We find nothing in the plain language of either rule to indicate that the time limit contained in Rule 27.20 is not to apply equally to all the grounds listed in Rule 27.19. Rule 27.20 specifically provided that the trial court was powerless to grant a further extension beyond the "standard" forty days. While it is true that no motion for a new trial need be filed in a court–tried case, it is clear that, where one is filed, such filing must be accomplished within the time provided. See Rule 73.01 and Rule 29.11(b) and (e), effective January 1, 1980. We rule the point against defendant.

■ Defendant further contends that he was denied his right to a trial by jury because his purported jury waiver was in-

---

2. The substance of Rule 27.20(a) may now be found in Rule 29.11(b), which became effective on January 1, 1980. The present rule limits the time for filing the motion for new trial to fifteen days after return of the verdict. Upon application within that time the court may extend the time for a period not to exceed ten days. Unless otherwise indicated, other rules discussed herein will be cited and quoted as they existed at the time of trial and post–trial proceedings which gave rise to this appeal.

Some have been changed effective January 1, 1980.

3. Current Rule 29.11 does not enumerate the grounds for which a new trial may be granted but states simply that it may be done "upon good cause shown." According to the Committee Note, V.A.M.R., this change was not made "to eliminate any of the reasons for which new trials have heretofore been granted," but "solely to make the Rule more concise."

valid. Rule 26.01(b) [now 27.01(b)] provides:

> "The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record."

The transcript of this case indicates that the formal waiver was prepared by defense counsel at the outset of trial. The waiver stated: "On May 23, 1978, comes now defendant and his counsel and waive jury proceedings in this matter and request a non-jury trial. Defendant is aware of his right to a jury trial and waives same." It was signed by counsel and defendant. It is defendant's contention that this waiver was ineffective because it was not signed by the trial judge and did not in any way signify the judge's approval.

We reject that argument because there is nothing in Rule 26.01 which dictates the form which the court's assent to waiver must take, and the record gives clear evidence of the court's approval of that waiver. After the waiver was prepared on the instruction of the trial judge and signed by both the defendant and his counsel, the judge ordered that the trial proceed. We find this a sufficient indication of assent and accordingly find no violation of Rule 26.01.

We note parenthetically that the jury waiver was the subject of much pretrial discussion. In two pretrial conferences, the trial judge attempted to dissuade defense counsel from proceeding without a jury. Counsel explained, however, that he believed it absolutely essential that defendant testify on his own behalf; that if he did so testify defendant's two prior convictions[4] for the same offense were likely to be the subject of cross–examination; and that a

jury would be more likely to be adversely influenced by such information than would the court, sitting without a jury. The judge concluded that this was a "very, very good" reason for requesting a waiver and ultimately agreed to it. The record also shows that counsel left the choice of the jury waiver to defendant after explaining the ramifications thereof to him and after advising that he, counsel, believed waiver to be the better tactic because of defendant's prior convictions. We state these facts merely to indicate that the waiver in this case was the product of considerable forethought and was not handled "as a mere matter of rote" by the court, *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 263, 74 L.Ed. 854, 870 (1930), a notion which at times appears obliquely in defendant's brief.

■ Finally, defendant contends that he was denied effective assistance of counsel by the trial court's failure to supply him with a copy of the transcript during the preparation and presentation of his motion for new trial. The problem stemmed from the fact that defendant was represented by different counsel at the trial and in the post–trial stages of the proceedings. The attorney who filed all of defendant's post–trial motions made a request at the hearing on the motion for new trial that the trial judge order his court reporter to furnish him a copy of the transcript. He contended that he needed the copy to present properly his argument on the motion. The record indicates that he had made previous similar requests during the preparation of the motion and amended motion, which requests had been denied by the court; and that he had sought a writ of prohibition to that end in this court, which denied the writ before the hearing on the motion for new trial.

We find no error in the trial court's ruling. No contention is made that any issue

---

4. The record is not completely clear as to whether both of defendant's prior pleas of guilty to carrying a concealed weapon resulted in judgments of conviction which could have been used to impeach him. There is some indication that the first plea may have resulted

in a suspended imposition of sentence. See *State v. Frey*, 459 S.W.2d 359 (Mo.1970). However, there is no question as to the imposition of sentence on the second plea, and no issue is made of the matter on this appeal.

was omitted from the motion for new trial because of the lack of a transcript; and, indeed, our examination of the transcript has failed to disclose any such omission.

The judgment is affirmed.

GUNN, P. J., and PUDLOWSKI, J., concur.